**UNITED STATES of America**

v.

**Drekie BAILEY, Appellant.**

**No. 19553.**

United States Court of Appeals,
Third Circuit.

Argued Oct. 4, 1971.

Decided Nov. 9, 1971.

---

182

Byrd R. Brown, Pittsburgh, Pa., for appellant.

Charles F. Scarlata, Asst. U. S. Atty., Pittsburgh, Pa. (Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before McLAUGHLIN, GANEY and ADAMS, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Following a jury trial, Bailey was found guilty of selling narcotic drugs not in or from original stamped packages and not pursuant to written orders, in violation of 26 U.S.C. §§ 4704(a) and 4705(a).

The Government's case against Bailey was bottomed on the testimony of James Duncan, a paid government informant with a record of prior drug violations. In his testimony, Duncan described direct sales by Bailey to him on December 6, 8, and 11, 1967. Duncan said Bailey sold him the items representing that they were narcotics. Analyses by a government chemist showed the presence of cocaine in the material sold on December 6, and heroin in the items sold on December 8 and 11. There was testimony that on December 8, prior to the heroin sale, Bailey had accepted a seven

dollar payment from Duncan for a balloon which purportedly contained cocaine, but which was later shown to have been empty.

Critical to Bailey's defense was a statement made by Duncan prior to the commencement of the trial. The record indicates that on August 23, 1968, Duncan accompanied by Bailey appeared at defense counsel's law offices, and offered to make a statement that he had never purchased narcotics from Bailey. After informing Duncan that he was not required to make any statement and determining that any such statement would be freely given, counsel called in his secretary who transcribed the interview verbatim. Duncan initialled each page, signed the document, and his signature was notarized.

During cross-examination of Duncan, defense counsel employed the notarized statement in an attempt to impeach Duncan's credibility. Duncan disavowed the veracity of the statement, and adhered to the testimony he had given on direct examination that Bailey had sold narcotics to him. Defense counsel also argued the effect of the prior inconsistent statement to the jury. Following the completion of the charge to the jury, the record notes a request by defense counsel for re-instruction on the issue of the prior inconsistent statement, but the request was denied. However, counsel had failed to submit to the court a request for a particular charge in this regard at the appropriate time. *See* Fed. R.Crim.Pro., Rule 30.

The jury returned a verdict of guilty on all counts of the indictment, and subsequently the District Court sentenced Bailey to a term of five years imprisonment. Bailey advances a number of grounds in support of a reversal of his conviction and the grant of a new trial.

■ First, he claims that absent a cautionary instruction, the admission into evidence of Duncan's testimony concerning the sale of the empty balloon on December 8 was proof of an uncharged crime and, therefore, constituted reversi-

ble error. *See, e. g.,* Fairbanks v. United States, 96 U.S.App.D.C. 345, 226 F.2d 251, 253 (D.C.Cir.1955). A review of Duncan's testimony indicates that during this particular transaction Bailey made arrangements with Duncan to deliver the heroin which was sold later on December 8. Thus, even if the fraudulent sale involved uncharged criminal activity, testimony as to its occurrence was admissible as part of the *res gestae.* Armstrong v. United States, 327 F.2d 189, 196–197 (9th Cir. 1964).

■ Bailey also assigns as error the refusal of the trial judge to re-instruct the jury on the prior inconsistent statement of Duncan. He never requested such a charge at a time when the trial judge could have considered it with all other requested points for charge, but rather sought to gain the advantage of having his point read to the jury moments before it retired to deliberate. Most importantly, however, the charge as given adequately instructed the jury on its duty to assess the credibility of witnesses, and the factors which they might properly consider when making this judgment. Therefore, the refusal to re-instruct was not error.

■■ Bailey's third contention is his claim that the trial judge erred when he failed, *sua sponte,* to instruct the jury that the informant, Duncan, was a tainted source and that his testimony was, therefore, to be specially scrutinized. Bailey never requested this point and failed to object or to request such an instruction when the charge was given. While the phrase "tainted source" never appears in the charge, after careful consideration of the court's instructions as a whole, we find the jury was sufficiently apprised of the care it should exercise when considering Duncan's testimony. In order for a charge to be proper, it need not contain a particular word or words. *See* United States v. DeLarosa, 450 F.2d 1057 (3d Cir. Nos. 19,065, 19,-066, 19,067, 19,113, Sept. 27, 1971) (slip opinion at 4). When, as here, a charge conveys the required meaning, we can-

not say that the omission of one phrase constitutes plain error under Fed.R.Crim. Pro., Rule 52(b).

We have considered Bailey's other assignments of error and find them to be without merit. The judgment of conviction will be affirmed.