UNITED STATES of America, Appellee,

v.

Larry W. MASTERS, Appellant.

No. 79–5141.

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 11, 1980.

Decided May 22, 1980.

Douglas F. Patrick, Greenville, S. C. (Eugene C. Covington, Jr., Foster, Covington & Patrick, Greenville, S. C., on brief), for appellant.

William A. Coates, Asst. U. S. Atty., Greenville, S. C. (Thomas E. Lydon, Jr., U. S. Atty., Columbia, S. C., on brief), for appellee.

Before RUSSELL and WIDENER, Circuit Judges, and ROBERT J. STAKER, United States District Judge for the Southern District of West Virginia, sitting by designation.

DONALD RUSSELL, Circuit Judge:

The defendant has appealed his conviction for "dealing in firearms or ammunition" without securing a valid license to do so in violation of § 922(a)(1) and § 924(a), 18 U.S.C. He has raised two grounds of alleged error. Both relate to the introduction of evidence. We find neither meritorious and affirm.

The first claim of error is directed at the refusal of the district judge to suppress

certain statements in three taped conversations of the defendant with separate undercover agents, which were admitted in evidence at trial. The challenged portions of the conversations covered negotiations or discussions between the undercover agents and the defendant with reference to the purchase of firearms from the defendant. In some of these discussions the defendant was volubly expansive about the scope of his dealings in firearms. He engaged in a certain amount of "puffing" about his ability to supply to a customer practically any type of weapon, such as new or old pistols, sawed-off shotguns, hand grenades, etc. He explained that his supply of guns was so large that he couldn't "keep it all in one place, cause somebody liable hit me" and suggested that he could meet any requirement for guns, "I just have to know what you want, so I can pull 'em out." He boasted that he had sold a machine gun the week before. He went on to suggest that he could supply cassettes and other musical items. In one of the taped conversations he was more coy. In this latter conversation he pictured himself as a gun collector who had become embroiled in the toils of the law and was then on probation. He had inquired of his probation officer what he should do with his gun collection and had been advised to get rid of it. He did not, however, want to sell the guns himself and so he gave them nominally to his wife. He emphasized that, while he was physically making the sale, his wife was the real seller of the guns.[1]

What defendant by his motion apparently wished to suppress in the taped conversations was any reference to his supply of guns, other sales of weapons, his identification of his status as a probationer, and any references to musical instruments. In essence, what he wished to do was seemingly to eliminate all the discussions between the parties leading up to a purchase and sale of a firearm and to confine the parts of the taped conversations admitted to the simple purchase and sale itself. The district court refused to strike from the statements the challenged statements, finding it impossible to do so without impairing the intelligibility of the conversations themselves. The district court did offer to give cautionary instructions but this offer was refused by the defendant, who elected to stand on his motion.

The basis for the defendant's motion to suppress is that the statements objected to represented evidence of "other crimes, wrongs or acts" which improperly suggested a propensity to crime on the defendant's part. He contends that the introduction into the record of such statements violated specifically Rule 404(b), Federal Rules of Evidence. We do not find the argument persuasive.

The Federal Rule, both prior to and as stated in Rule 404(b), Federal Rules of Evidence—characterized as the "inclusive rule,"—"admits all evidence of other crimes [or acts] relevant to an issue in a trial except that which tends to prove only criminal disposition."[2] This was the view

---

1. This defense of the defendant is similar to the one asserted by the defendant in answer to a like charge of dealing in guns without a license in *United States v. Zeidman*, (7th Cir. 1971) 444 F.2d 1051, 1054.

2. *See* Weinstein & Berger's Evidence, § 404[08] at 404–41 and 404–42 (1979):

"Subdivision (b) of Rule 404 follows previous federal practice in adopting a so-called 'inclusionary' rule which admits all evidence of other crimes relevant to an issue in a trial, except that which tends to prove only criminal disposition."

In adopting such a Rule the drafters followed substantially Rule 311 of the ALI Model Code of Evidence (1948):

"Subject to Rule 306, evidence that a person committed a crime or civil wrong on a specified occasion is inadmissible as tending to prove that he committed a crime or civil wrong on another occasion if, but only if, the evidence is relevant solely as tending to prove his disposition to commit such a crime or civil wrong or to commit crimes or civil wrongs generally."

That Rule 404(b) is a restatement of existing federal practice, *see United States v. Hajal*, (6th Cir. 1977) 555 F.2d 558, 568, *cert. denied*, 434 U.S. 849, 98 S.Ct. 159, 54 L.Ed.2d 117, and *United States v. Rocha*, (9th Cir. 1977) 553 F.2d 615, 616. In *United States v. Beechum*, (5th Cir. *en banc* 1978) 582 F.2d 898, 910–11, n. 13, the court suggests that the Rule, as adopted by

taken of the Rule by us in *United States v. Woods*, (4th Cir. 1973) 484 F.2d 127, 134, *cert. denied*, 415 U.S. 979, 94 S.Ct. 1566, 39 L.Ed.2d 875 (1974). Manifestly the Rule, even though correctly described as "inclusionary," does not permit the automatic admission of any evidence of other "crimes, wrongs or acts." The evidence of other crimes must be relevant for a purpose other than showing the character or disposition of the defendant. *United States v. Benedetto*, (2d Cir. 1978) 571 F.2d 1246, 1248; *United States v. Calvert*, (8th Cir. 1975) 523 F.2d 895, 906, *cert. denied*, 424 U.S. 911, 96 S.Ct. 1106, 47 L.Ed.2d 314 (1976). The circumstances under which such evidence may be found relevant and admissible under the Rule have been described as "infinite." Some of such circumstances are set forth in the Rule itself, but the cataloguing therein is merely illustrative and not exclusionary. *United States v. Woods*, 484 F.2d at 134.[3] One of the accepted bases for the admissibility of evidence of other crimes arises when such evidence "furnishes part of the context of the crime"[4] or is necessary to a "full presentation" of the case,[5] or is so intimately connected with and explanatory of the crime charged against the defendant and is so much a part of the setting of the case and its "environment"[6] that its proof is appropriate in order "to complete the story of the crime on trial by proving its immediate context or the 'res gestae' "[7] or the "uncharged offense is 'so linked together in point of time and circumstances with the crime charged that one cannot be fully shown without proving the other . . . ' [and is thus] part of the res gestae of the crime charged."[8] And where evidence is admissible to provide this "full presentation" of the offense, "[t]here is no reason to fragmentize the event under inquiry" by suppressing parts of the "res gestae."[9] As the Court said in *United States v. Roberts*, (6th Cir. 1977) 548 F.2d 665, 667, *cert. denied*, 431 U.S. 920, 97 S.Ct. 2188, 53 L.Ed.2d 232 "[t]he jury is entitled to know the 'setting' of a case. It cannot be expected to make its decision in a void—without knowledge of the time, place and circumstances of the acts which form the basis of the charge."

Illustrative of this basis for the admissibility of evidence of other crimes are *United States v. Bloom*, (5th Cir. 1976) 538 F.2d 704, *cert. denied*, 429 U.S. 1074, 97 S.Ct. 814, 50 L.Ed.2d 792 (1977), and *United States v. Bailey*, (3d Cir. 1971) 451 F.2d 181. In *Bloom* the defendant was charged with the sale to an undercover agent of heroin but not with a sale of marijuana or cocaine. In the course of negotiations leading up to the purchase by the undercover agent from the

---

Congress, broadened the trial court's discretion to admit evidence of other crimes beyond that permitted under the Supreme Court's version.

For cases in this Circuit permitting the introduction of evidence of other crimes prior to the adoption of the Federal Rules of Evidence, *see, for instance, United States v. Smith*, (4th Cir. 1971) 446 F.2d 200, 204; *United States v. Weems*, (4th Cir. 1968) 398 F.2d 274, 275, *cert. denied* 393 U.S. 1099, 89 S.Ct. 894, 21 L.Ed.2d 790 (1969); *United States v. Copeland*, (4th Cir. 1961) 295 F.2d 635, 637, *cert. denied*, 368 U.S. 955, 82 S.Ct. 398, 7 L.Ed.2d 388 (1962); *Swann v. United States*, (4th Cir. 1952) 195 F.2d 689, 690–91; *Lovely v. United States*, (4th Cir. 1948) 169 F.2d 386, 388–89, *cert. denied*, 338 U.S. 834, 70 S.Ct. 38, 94 L.Ed. 508 (1949); *cf. United States v. Jamar*, (4th Cir. 1977) 561 F.2d 1103, 1106.

**3.** For a discussion of various circumstances which may render the evidence of other crimes admissible, *see United States v. Beechum*, 582 F.2d at 911–12, n. 15.

**4.** *United States v. Smith*, 446 F.2d at 204.

**5.** *United States v. Weems*, 398 F.2d at 275.

**6.** *State v. Spears*, (1978) 58 Ohio App.2d 11, 387 N.E.2d 648, 651.

**7.** *United States v. Howard*, (8th Cir. 1974) 504 F.2d 1281, 1284.

**8.** *United States v. Beechum*, 582 F.2d 898, 912, n. 15.

The use of the term "res gestae" in this connection has been criticized in 22 Wright and Graham, Federal Practice and Procedure, § 5239 at pp. 449–50, but it has been widely used in the decisions. It was so used in *United States v. Copeland*, 295 F.2d at 637.

**9.** *United States v. Weems*, 398 F.2d at 275; *United States v. Copeland*, 295 F.2d at 637; *United States v. Gano*, (10th Cir. 1977) 560 F.2d 990, 993–94.

defendant of heroin there was some discussion of the possible purchase of marijuana and cocaine. The defendant sought, as has the defendant in this case, to exclude from the evidence the preliminary discussion relating to the possible purchase of marijuana and cocaine. In rebuffing such claim the court said:

> "The evidence in question [of discussions relating to possible sales of marijuana and cocaine] served merely to complete the agents' accounts of their dealings with Bloom, and was not introduced primarily to establish propensity to commit the crimes charged. Arguably, then, it is not the kind of evidence to which the general rule excluding evidence of other offenses applies." p. 707.

In *Bailey* the defendant was charged with the crime of selling narcotic drugs. In describing his dealing with the defendant, the undercover agent, after detailing the purchase of narcotic drugs, testified to a transaction where the defendant had sold him a balloon said to contain cocaine but which actually was empty. The defendant contended that "absent a cautionary instruction, the admission into evidence of Duncan's [the undercover agent's] testimony concerning the sale of the empty balloon on December 8 was proof of an uncharged crime and, therefore, constituted reversible error." In dismissing the claim the court said:

> "A review of Duncan's testimony indicates that during this particular transaction Bailey made arrangements with Duncan to deliver the heroin which was sold later on December 8. Thus, even if the fraudulent sale involved uncharged criminal activity, testimony as to its occurrence was admissible as part of the *res gestae*." p. 183.

**10.** McCormick, Evidence, Cleary ed. 1972, § 190, p. 448.

**11.** Trautman, *Logical or Legal Relevancy—A Conflict in Theory*, 5 *Vand.L.Rev.* 385, 410 (1951–52).

**12.** *See* Rule 403, Federal Rules of Evidence.

**13.** Normally the district court should add a cautionary or limiting instruction if it admits evidence. *United States v. Calvert*, 523 F.2d at

It is obvious that under the principles established in these cases, both of which are analogous to the circumstances of this case, it was within the discretion of the district court to admit the evidence of other crimes and acts as were detailed by the defendant in the negotiations between the undercover agents and himself which eventuated in the commission of the crime charged. It served to "complete the story of the crime on trial by proving its immediate context of happenings near in time and place." [10] The district court concluded, also in the exercise of its discretion, that such evidence could not be "fragmentized" without distorting or impairing the Government's proof of the crime. Of course, in exercising its discretion to admit or not to admit the evidence, the district court was required to consider whether the probative value of this evidence was substantially outweighed by its unfair prejudice. *United States v. Calvert*, 523 F.2d 906; *United States v. Smith*, 446 F.2d 203–04. It has been said that such "undue prejudice would seem to require exclusion only in those instances where the trial judge believes that there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence." [11] Such prejudice, if any, can be generally obviated by a cautionary or limiting instruction, particularly if the danger of prejudice is slight in view of the overwhelming evidence of guilt.[12] But the critical question of whether the probative value of the testimony is disproportionately prejudicial to the defendant and, if so, whether it can be adequately moderated by cautionary instructions [13] is one committed to the dis-

907. There is, however, no need for cautionary instructions in a case such as this, where the evidence of other illegal firearm sales is provable as an independent fact to establish the dealership status of the defendant, a point later discussed herein.

cretion of the district court and its discretion will only be disturbed if it has acted "arbitrarily or irrationally." *United States v. Robinson*, (2d Cir. 1977) 560 F.2d 507, 515, *cert. denied*, 435 U.S. 905, 98 S.Ct. 1451, 55 L.Ed.2d 496 (1978). The district court in this case offered to eliminate any reasonable possibility of prejudice in the admission of the evidence by giving a cautionary instruction. The defendant refused the proffer. Under all the circumstances, including the offer of the district court to give a limiting instruction, it was within the district court's discretion to refuse to suppress the challenged testimony relating to all discussions of other sales of firearms by the defendant, his possession of a supply of such firearms and the reasons for his representation of his wife as the seller of the firearms and, in so exercising its discretion, it did not commit clear error.

■ There is, as we have said, a second and equally sound ground for the admission of this evidence. The charge against the defendant was that he had engaged in the business of dealing in firearms without a license in violation of the Gun Control Act of 1968. To make out the crime under the statute it was incumbent upon the Government to prove the status of the defendant as a "dealer" in firearms. In order to satisfy this burden the Government need not prove that the defendant's primary business was dealing in firearms or that he necessarily made a profit from such dealing; "it must [however] show a willingness [on the defendant's part] to deal, a profit motive, and a greater degree of activity than occasional sales by a hobbyist." *United States v. Huffman*, (4th Cir. 1975) 518 F.2d 80, 81, *cert. denied*, 423 U.S. 864, 96 S.Ct. 123, 46 L.Ed.2d 92; *United States v. Tarr*, (1st Cir. 1978) 589 F.2d 55, 59. The Government may do this by showing that the defendant "ha[d] guns on hand or [was] ready and able to procure them and sell them to such persons as might accept them as customers." *United States v. Wilkening*, (8th Cir. 1973) 485 F.2d 234, 235; to the same effect, *United States v. Shirling*, (5th Cir. 1978) 572 F.2d 532, 534; *United States v. Swinton*, (10th Cir. 1975) 521 F.2d 1255, 1259, *cert.*

*denied*, 424 U.S. 918, 96 S.Ct. 1121, 47 L.Ed.2d 324 (1976); *United States v. Jackson*, (S.D.Ohio 1972) 352 F.Supp. 672, 674, *aff'd.* without opinion, 480 F.2d 927 (6th Cir.). The bulk of the conversations between the defendant and the undercover agents was thus relevant in establishing the defendant's status as a dealer by showing that the defendant had a supply of guns of all types including sawed-off shotguns, machine guns and grenades, which he had sold to other customers and which he was willing then to sell to the undercover agents.

The judgment of conviction is accordingly *AFFIRMED*.