818 F.2d 30
 22 Fed. R. Evid. Serv. 1637
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff--Appellee,
v.
James McFADDEN, Defendant--Appellant.
 No. 86-5628.
 United States Court of Appeals, Fourth Circuit.
 Argued March 4, 1987.
Decided May 1, 1987.
 
 Before RUSSELL and HALL, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 Robert Crawford Ervin (Moore & Van Allen, on brief), for appellant.
 Charles R. Brewer, United States Attorney (Debra J. Stuart, Assistant United States Attorney, on brief), for appellee.
 PER CURIAM:
 
 
 1
 James McFadden appeals his conviction by a jury of aiding and abetting in the distribution of heroin in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. We affirm.
 
 I.
 
 2
 At appellant's trial, Thaddeus Benton, who worked in conjunction with the North Carolina State Bureau of Investigation ("SBI") and Charlotte Police officers, making contacts with dealers of controlled substances, testified that while working in the Charlotte, North Carolina area, he obtained heroin through the appellant on two different occasions.
 
 
 3
 Benton testified that on October 25, 1985, he accompanied Agent Deirdre Bowman of the SBI to "The Hole," a bar in the Charlotte area. While Agent Bowman waited outside in a car, Benton entered the bar, approached the appellant and his companion, Ricky Bynum, and asked the appellant for cocaine. McFadden indicated that he had no cocaine, but sold Benton $80 worth of heroin.
 
 
 4
 Benton further testified that on November 20, 1985, he and Agent Bowman went back to the neighborhood of "The Hole." After meeting with the appellant, Benton offered to buy fifteen "half loads" of heroin. McFadden initially mistook Benton to be requesting fifteen bags of heroin and took Benton and Agent Bowman to a house down the street where he would be supplied. Because there are fifteen bags to each "half load" of heroin, McFadden was apparently unable to supply Benton with his request at that location. After realizing the mistake, McFadden then indicated that he would have to contact his partner for a purchase of that size.
 
 
 5
 Benton further testified that as they walked back to the car, McFadden revealed that he had gotten into an argument with a police officer about his practice of selling drugs on the street and stated that he would show the officer "what killing was about." Then, Agent Bowman drove Benton and McFadden to a convenience store where the appellant, his partner, Michael Blakey, and Benton negotiated the sale. Thereafter, McFadden left the scene, and Blakey, Benton and Agent Bowman drove to a nearby car wash where Benton was given the heroin in exchange for $1,800.
 
 
 6
 On cross-examination, Benton's credibility was attacked by the defense's inferences that his fee arrangement, which permitted his fee to vary according to his success in uncovering drug operations, instilled him with an incentive to fabricate evidence which might lead to a conviction. Thereafter, over the defense's objections, the government put Agent Bowman on the stand to indicate, i n accordance with Fed. R. Evid. 801(d)(1)(B),[1] that the testimony given by Benton was consistent with prior statements which he had made to her during the course of the investigation.
 
 
 7
 McFadden was convicted of aiding and abetting Blakey in the distribution of heroin on November 20, 1985, and was sentenced to ten years' imprisonment and a $50 fine. This appeal followed.[2]
 
 II.
 
 8
 On appeal, McFadden contends that the district court committed reversible error by (1) admitting Agent Bowman's testimony corroborating Benton's testimony, (2) admitting evidence of appellant's prior drug dealing and his threat on the life of an officer, and (3) denying the appellant a fair opportunity to prepare for sentencing. We find no merit in appellant's arguments.
 
 
 9
 McFadden agrees that prior consistent statements offered to corroborate a witness whose incentive to fabricate has been attacked are ordinarily admissible pursuant to Fed. R. Evid. 801(d). However, he asserts that the district court's decision to admit Agent Bowman's testimony recounting Benton's prior consistent statements runs contrary to our decision in United States v. Henderson, 717 F.2d 135 (4th Cir. 1983). In Henderson. we held that the trial court had not erred by admitting a cocon spirator's statements under Rule 801(d)(1)(B), where such statements were made prior to his plea agreement and thus before any incentive to fabricate evidence had attached. However, we also noted that if the declarant had acquired the alleged incentive to fabricate testimony before making such statements, reversible error would have resulted.
 
 
 10
 The appellant insists that Benton acquired the incentive to fabricate testimony long before making the prior consistent statements to Agent Bowman. Specifically, McFadden claims that Benton had an improper incentive in early 1985, when he first began assisting the SBI and Charlotte police officers in their investigation of drug dealers in Charlotte in return for payment, which was to vary according to the success of the investigation.
 
 
 11
 We agree that if Benton acquired an incentive to fabricate evidence, such incentive attached when he was first hired. Nevertheless, no error resulted in the admission of Agent Bowman's testimony. We find that her testimony was properly admitted because the defense, by its own cross-examination of Benton, "opened the door" to questioning her with regard to everything Benton had told her about the investigation of McFadden. On cross-examination, the defense asked Benton:
 
 
 12
 Q: Mr. Benton, after the November 20, 1985, incident which you have just testified about, you made a statement to Officer Bowman, didn't you?
 
 
 13
 A: Yes. Every time I made a statement.
 
 
 14
 .... .
 
 
 15
 Q: But as you sat down and spoke with Agent Bowman, you were trying to give her a complete report, weren't you?
 
 
 16
 A: Of what happened, yes.
 
 
 17
 Q: You wanted to make sure you got all the facts in, everything that took place, you wanted her to put in the report?
 
 
 18
 A: True.
 
 
 19
 Q: So you told her everything that happened. Right?
 
 
 20
 A: Right.
 
 
 21
 However, even if we were not inclined to believe that this inquiry "opened the door" to questioning Agent Bowman fully, we find that any error which resulted from the admission of her testimony was harmless. The evidence of McFadden's guilt was substantial. In addition to Benton's incriminating testimony, Ricky Bynum, a coconspirator, testified, pursuant to his plea agreement, regarding appellant's general role in the heroin ring. We are convinced that McFadden would have been convicted even absent Agent Bowman's testimony.[3]
 
 
 22
 Nor do we find any merit in appellant's arguments that the district court committed reversible error by admitting testimony recounting McFadden's alleged threats to kill a police officer, evidence of his prior drug sale to Benton, or Ricky Bynum's testimony regarding appellant's role in the heroin ring. We find that this evidence was admissible under Fed. R. Evid. 404(b[4]), which addresses the use of evidence of other "bad acts," because it tended to show McFadden's opportunity, intent and absence of mistake and was more probative than prejudicial. United States v. Masters, 622 F.2d 83 (4th Cir. 1980).
 
 
 23
 Finally, we reject as meritless appellant's contention that the district court committed reversible error by violating Fed. R. Crim. P. 32, which provides, "at a reasonable time before imposing sentence the court shall permit the defendant and his counsel to read the report of the presentence investigation." At the sentencing hearing, the judge told McFadden's counsel in McFadden's presence:
 
 
 24
 [t]he probation officer is going to give you a copy of the presentence report. Take as long as you like. If you'd rather come back another day, of course, we'll be glad to let you do that for sentencing.
 
 
 25
 McFadden contends that by this language the district judge had refused to allow him to view the report in the meantime, should he ask for an extension, and therefore had deprived the defense of a reasonable time within which to view the report. we disagree. Because a reasonable interpretation of the judge's comments indicates that McFadden and his counsel were offered the opportunity to immediately review the presentence report to their satisfaction before choosing whether to continue with the sentencing hearing thereafter or to delay sentencing for another day, we find no error in the district court's method of providing the presentence report .to McFadden and his counsel for their review.
 
 III.
 
 26
 For the foregoing reasons, appellant's conviction is accordingly affirmed.
 
 
 27
 AFFIRMED.
 
 
 
 [1]
 Rule 801(d)(1)(B) states:
 (d) Statements which are not hearsay. A statement is not hearsay iffc21 Prior statement by witness. The declarant testifies at the trial or hearing and is subject to crossexamination concerning the statement, and the statement is ... (B) consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive....
 
 
 [2]
 Appellant was not charged with the October 25, 1985, sale
 
 
 [3]
 Appellant also argues that small portions of Agent Bowman's testimony was not properly admitted as corroborative evidence because they involved topics on which Benton did not testify. We find that although Agent Bowman did not repeat "word-for-word" the testimony of Benton, her testimony was substantially consistent with his and was properly admitted as corroborating evidence
 
 
 [4]
 Rule 404(b) states:
 (b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.