822 F.2d 56
 23 Fed. R. Evid. Serv. 749
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Linwood C. LEE, a/k/a Eugene Riley, a/k/a Eugene M. Riley,
a/k/a Lyndon C. Swinney, Defendant-Appellant.
 No. 86-5121.
 United States Court of Appeals, Fourth Circuit.
 Argued April 7, 1987.
Decided June 16, 1987.
 
 Before RUSSELL, PHILLIPS and SPROUSE, Circuit Judges.
 Edward Smith, Jr. (Cummings & Smith, P.A., on brief), for appellant.
 Dennis Edward Boyle, Third-Year Law Student, University of Baltimore (Peter D. Ward, Assistant United States Attorney; Breckinridge L. Willcox, United States Attorney, on brief), for appellee.
 PER CURIAM:
 
 
 1
 Linwood C. Lee appeals from his conviction on twenty-six counts of fraudulent use of a counterfeit access device (credit cards), 18 U.S.C. Sec. 1029(a)(1), and one count of attempted fraudulent use of a counterfeit access device, 18 U.S.C. Sec. 1029(b). Lee contends that the district court erroneously admitted into evidence two photographic identification cards that were used in the commission of an uncharged crime, in violation of Rule 404(b) of the Federal Rules of Evidence. Lee also argues that the government violated his fifth amendment right not to be placed in jeopardy twice for the same offense. Finding no abuse of discretion in the trial court's admission of the photographic identification cards, and no merit to Lee's double jeopardy claim, we affirm the judgment of conviction entered below.
 
 
 2
 The government at trial presented evidence that Lee, on twenty-six occasions in April and May 1985, used the same counterfeit credit card to obtain cash advances from various Maryland banks. In nineteen of the transactions, Lee presented as identification a Maryland Motor Vehicle Learner's Permit bearing his photograph.
 
 
 3
 Later, in August 1985, Lee attempted to use a different counterfeit credit card to obtain a cash advance from a Washington, D.C., bank. On that occasion, Lee presented the Maryland Learner's Permit he used in the earlier transactions and a hospital-employee identification card, which also bore his photograph. When bank officials questioned the validity of the credit card, Lee exited the bank leaving the identification cards behind. Although this later incident was not included in the twenty-seven count indictment below, the trial court allowed the identification cards to be admitted as evidence of Lee's identity as the perpetrator of the earlier fraudulent transactions. The court cautioned the jury to consider the cards only for the limited purpose of proving Lee's identity on the charged offenses.
 
 
 4
 Lee contends that the identification cards used in the August transaction constituted evidence of another crime that was impermissibly used as character evidence against him, in violation of Rule 404(b). Fed.R.Evid. 404(b). We disagree. Relevant evidence of "[o]ther crimes, wrongs, or acts" is admissible under Rule 404(b) to prove, inter alia, the identity of the criminal defendant as the person charged in the principal offenses. Fed.R.Evid. 404(b). Lee's identification was a genuine issue at his trial, and we find no indication that the admission of the two cards created a danger of unfair prejudice that substantially outweighed the cards' probative value. See United States v. Tedder, 801 F.2d 1437, 1444 (4th Cir.1986); United States v. Masters, 622 F.2d 83 (4th Cir.1980). Accordingly, the district court did not abuse its discretion in admitting the identification cards with a proper cautionary instruction.
 
 
 5
 Lee next contends that his conviction violated the double jeopardy proscription of the fifth amendment because he previously was convicted of an offense stemming from an attempted use of a counterfeit credit card in September 1985. There is no merit to this contention. The fifth amendment does not protect a criminal defendant from successive convictions on separate unrelated offenses. Blockburger v. United States, 284 U.S. 299, 301-02 (1932). Lee's September 1985 offense entailed a criminal transaction entirely distinct from the incidents for which he was tried and convicted below. See United States v. Lee, No. 86-5073 (4th Cir. May 6, 1987). In that earlier case, Lee presented a different credit card with different identification materials to a different financial institution six months after the events that gave rise to the instant prosecution. See id. Under these circumstances, the fifth amendment's prohibition of multiple trials for the same offense simply was not implicated.
 
 
 6
 In view of the above, the judgment of the district court is affirmed.
 
 
 7
 AFFIRMED.