14 F.3d 597
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James Michael BENVENUTI, Defendant-Appellant.
 No. 92-5754.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 30, 1993.
Decided Jan. 7, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore.
 George A. Epstein, Baltimore, MD, for appellant.
 Gary P. Jordan, U.S. Atty., Maury S. Epner, Asst. U.S. Atty., Baltimore, MD, for appellee.
 D.MD.
 AFFIRMED.
 Before WILKINSON, WILKINS and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 James Benvenuti appeals his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C.A.Sec. 922(g)(1) (West 1976 & Supp.1993). Benvenuti contends on appeal that the district court erred when it admitted into evidence certain tools discovered in a car as well as testimony concerning the possible use of such tools. Finding no error, we affirm.
 
 
 2
 Testimony at trial revealed that Benvenuti accompanied his wife to a gun shop in Baltimore County on July 7, 1991. He handled and examined a rifle and discussed it with his wife prior to her purchase of the weapon. The rifle, which was manufactured either in Florida or Massachusetts, is easily disassembled into four or five pieces which may be stored in the rifle's stock.
 
 
 3
 On July 13, 1991, Benvenuti and John Douglas Allen drove in a car belonging to Benvenuti's father to the home of Allen's girlfriend. During the visit, Benvenuti went to his father's car and returned with a screwdriver and the pieces of a disassembled rifle, which he showed to the girlfriend.
 
 
 4
 Allen and Benvenuti left in the car belonging to Benvenuti's father. They went to a church social hall and stole a vacuum cleaner. Evidently, they gained access to the hall because Benvenuti, without permission, had previously obtained from a florist a set of keys to a number of churches.
 
 
 5
 In the early morning of July 14, two Maryland state troopers came across the car, which was idling in the middle of a road. Allen was arrested for drunk driving. Benvenuti, who was in the passenger seat, spoke to a trooper while at the same time shoving a number of keys under his seat. Benvenuti, who had a knife in the waistband of his trousers, was arrested for possession of a weapon. During the ensuing search of the car, the troopers discovered the disassembled rifle in an athletic sock under Benvenuti's seat. Also discovered were two screwdrivers which the troopers recognized as being typical of tools used by burglars.
 
 
 6
 The district court overruled Benvenuti's objection to the testimony concerning the discovery of the screwdrivers and their possible uses. On appeal, Benvenuti challenges the admission of the evidence, claiming a violation of Fed.R.Evid. 404(b). While Benvenuti contends that the evidence was irrelevant to the crime charged, the United States responds that the evidence was admissible to prove the context in which that crime was committed.
 
 
 7
 Under Rule 404(b), evidence of other bad acts or crimes is admissible if it is (1) relevant to an issue other than character; (2) necessary in that it is probative of an essential element of the crime or sheds light on the context of the crime; (3) reliable; and (4) admissible under Fed.R.Evid. 403. United States v. Bailey, 990 F.2d 119, 122, (4th Cir.1993). In the subject appeal, there is no question that the evidence was reliable. The troopers discovered the tools in the car in which Benvenuti was a passenger, and one trooper testified that he had been trained that such tools were typically used by burglars.
 
 
 8
 Further, the evidence was both relevant to an issue other than character and necessary in that it tended to explain the prosecution's theory that all Benvenuti's criminal activity on July 14, 1991, was inextricably intertwined. As such, the evidence placed the firearms offense in context. See United States v. Masters, 622 F.2d 83, 86 (4th Cir.1980). Finally, we conclude that the evidence in question was admissible under Rule 403 because it was not likely to excite the jury to an irrational, emotion-driven verdict. See United States v. Hernandez, 975 F.2d 1035, 1041 (4th Cir.1992).
 
 
 9
 As our review of the materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument.
 
 
 10
 AFFIRMED.