UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 98-4077

CHUCK FARRIS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(CR-97-374)

Submitted: July 14, 1998

Decided: July 31, 1998

Before LUTTIG and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

O. W. Bannister, Jr., HILL, WYATT & BANNISTER, L.L.P., Green-
ville, South Carolina, for Appellant. J. Rene Josey, United States
Attorney, David C. Stephens, Assistant United States Attorney,
Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Chuck Farris appeals his conviction for bank fraud in violation of 18 U.S.C. § 1344 (1994). The sole issue he raises on appeal is whether the district court abused its discretion in admitting evidence that he received a check for $83,000 that was not part of the bank fraud scheme giving rise to his conviction. Finding no abuse of discretion, we affirm.

On November 13, 1996, Chuck Farris, the owner and general manager of Temple Construction Company ("Temple"), instructed Lisa Cothran, a Temple employee, to deposit a check for $156,811 drawn on Temple's Branch Banking and Trust ("BB&T") account into Temple's account at NationsBank. At the time of this transaction Temple had insufficient funds in its BB&T account to cover the check. The next day Cothran, at Farris' request, drew a check for $152,003 on Temple's NationsBank account and used the check to purchase a cashiers' check for that same amount from a different NationsBank branch. The cashiers check was then deposited into Temple's BB&T account. A few days later the BB&T check presented to NationsBank of November 13th was returned by BB&T for insufficient funds. Officers from NationsBank then contacted Farris in an attempt to get back the $152,003 that NationsBank had given Temple for the worthless BB&T check. Farris agreed that Temple owed NationsBank the money but neither he nor Temple ever repaid NationsBank in full.

At trial the government introduced evidence that Farris received a loan reimbursement check from Temple for $83,000 on December 16, 1996. Farris alleges that the district court erred in admitting this evidence under Fed. R. Evid. 403 and 404(b). A district court's evidentiary rulings are entitled to substantial deference and will not be reversed absent a clear abuse of discretion. Sasaki v. Class, 92 F.3d 232, 241 (4th Cir. 1996). The district court's decision to admit evi-

2

dence of other crimes, wrongs, or acts under Rule 404(b) will only be overturned if "arbitrary or irrational." United States v. Haney, 914 F.2d 602, 607 (4th Cir. 1990). Such evidence may be admitted if relevant to "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). The rule is inclusive and admits all evidence of other crimes or acts which is necessary and reliable, and relevant to an issue other than character. United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988); United States v. Masters, 622 F.2d 83, 85 (4th Cir. 1980). Even if the evidence meets these criteria, its probative value must be weighed against it prejudicial effect under Rule 403. Rawle, 845 F.2d at 1247.

Farris contends that his receipt of a check for $83,000 on December 16th was unrelated to the events for which he was on trial, unfairly attacked his character, and prejudiced him in suggesting to the jury that he was making money while NationsBank lost money. Farris is correct in his assertion that his receipt of the check is evidence of conduct extrinsic to his alleged bank fraud activities. However, Rule 404(b) allows for the admission of acts extrinsic to the charged conduct to show motive. We find that the contested evidence was admissible under Rule 404(b) to show that Farris had a motive to commit bank fraud on Temple's behalf. Despite Temple's chronic cash flow problem, Farris was making a substantial amount of money working for Temple and thus had an incentive to ensure that Temple stayed in business. We further find that the probative value of the evidence was not substantially outweighed by any danger of undue prejudice. Accordingly, the district court acted within its discretion in allowing the government to introduce evidence that Temple gave Farris a loan reimbursement check for $83,000.*

We therefore affirm Farris' conviction. We dispense with oral argument because the facts and legal contentions are adequately pre-

_____

*In his brief Farris notes that the district court admitted the evidence as relevant to show that Farris' check kiting activities were not the result of a mistake, and that Farris had money to pay NationsBank back if he had wanted to do so. This Court, however, may affirm judgments on alternative grounds to those relied upon by the district court. See Dandridge v. Williams, 397 U.S. 471, 475-76 n.6 (1970).

3

sented in the materials before the court and argument would not aid the decisional process.

AFFIRMED