UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 98-4296

FREDDIE PERKINS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-97-214)

Submitted: October 20, 1998

Decided: November 16, 1998

Before WIDENER and WILKINS, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Carl C. Muzi, Richmond, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, Cameron S. Heaps, Special Assistant United
States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Freddie Perkins appeals his conviction for being a felon in possession of a gun, in violation of 18 U.S.C. § 922(g) (1994). We affirm.

At trial, Detective Jan McTernan testified that early on March 16, 1997, she responded to a call at an Amoco gas station and convenience store in Richmond, Virginia. At the gas station, McTernan investigated the shooting death of Michael Watts and interviewed Welton Brooks, a bystander who had been pumping gas during the incident. McTernan later showed Brooks a photographic line-up, from which Brooks identified Perkins.

Brooks also testified that he knew Perkins and had seen him standing in front of the Amoco store that morning. Brooks further testified that he heard gunshots from behind the store while he was pumping gas. Following the gunshots, Brooks saw Perkins and another man run from behind the building. Brooks also saw Perkins drop a revolver, pick it up, and continue running away from the gas station.

Jermaine Little, a defense witness, testified that he was in a phone booth at the gas station at the time of the shooting and that he ran away when he heard gun shots. Little claimed that Perkins was not at the gas station when the shooting occurred. On cross-examination, however, Little admitted that he had been recently convicted for the murder of Watts as a principal in the second degree. The Government then questioned Little about the facts of the murder, which he denied.

Perkins also testified on his behalf at trial. Perkins stated that he was at the gas station before the shooting occurred to buy snacks and cigarettes. However, Perkins claimed that at the time of the shooting, he was asleep in his apartment unaware that a shooting had taken place.

On appeal, Perkins asserts that the introduction of evidence of the murder of Watts violated Fed. R. Evid. 404(b). We review the district court's evidentiary rulings for abuse of discretion. See United States

2

v. Hassan-El, 5 F.3d 726, 731 (4th Cir. 1993). Rule 404(b) permits evidence of other crimes, wrongs, or acts to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Evidence which has no purpose except to show criminal disposition is excluded. See United States v. Sanchez, 118 F.3d 192, 195 (4th Cir. 1997). Thus, the court may admit any evidence which is relevant to any issue other than character, is necessary, and is reliable. Id. (citing United States v. Mark, 943 F.2d 444, 447 (4th Cir. 1991)). Such evidence may be excluded, however, if it is more prejudicial than probative. See Sanchez, 118 F.3d at 196. However, acts intrinsic to the charged crime do not fall under Rule 404(b). See United States v. Chin, 83 F.3d 83, 87-88 (4th Cir. 1996).

Perkins claims that the testimony of McTernan and the cross-examination of Little, which elicited facts of the murder, was prejudicial. The record discloses that during a pretrial discussion, Perkins' counsel stated he did not object to the prosecutor giving an "overall view of the incident" but wanted the prosecutor's terminology restricted to the fact that there was a shooting and not an actual murder. The prosecutor agreed not to introduce evidence such as photographs of the murder scene, autopsy reports or eyewitness accounts of the actual murder. The evidence that was introduced was inextricably intertwined with the charged offense and necessary to provide the jury with an understanding of the events leading to the charges against Perkins. See United States v. Masters , 622 F.2d 83, 86 (4th Cir. 1980). Regardless, the evidence was admitted for noncharacter purposes and showed motive and intent to possess the gun. Further, any possible prejudice was minimized by the court's instructions during the Government's case that the evidence was merely for background information and that there was no other crime before the jury other than possession of the firearm.

Perkins next asserts that the evidence was insufficient to support his conviction. We must affirm Perkins' conviction "if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). Viewed in the light most favorable to the Government, the testimony of Brooks, who identified Perkins as running away and in possession of a weapon, is sufficient to sustain the conviction.

3

Accordingly, we affirm Perkins' conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4