**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 98-4234

ALLEN KEITH BATTERMAN,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., District Judge.
(CR-97-213)

Submitted: January 19, 1999

Decided: March 23, 1999

Before MURNAGHAN and TRAXLER, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael W. Patrick, HAYWOOD, DENNY & MILLER, L.L.P., Dur-
ham, North Carolina, for Appellant. Walter C. Holton, Jr., United
States Attorney, Paul A. Weinman, Assistant United States Attorney,
Winston-Salem, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Allen Keith Batterman was convicted by a jury of bank robbery, 18 U.S.C. § 2113(a) (1994), armed bank robbery, 18 U.S.C. § 2113(d) (1994), and using and carrying a firearm during a crime of violence, 18 U.S.C.A. § 924(c) (West 1994 & Supp. 1998). Batterman appeals, claiming that (1) the district court erred in admitting evidence of his drug use and prior thefts and (2) his sentence was improperly enhanced for obstruction of justice. See U.S. Sentencing Guidelines Manual § 3C1.1 (1997). For the reasons that follow, we affirm.

On the morning of August 5, 1997, Batterman and Robert Durham, armed with an automatic rifle, robbed the Guaranty State Bank in Durham, North Carolina. Durham and Batterman had met several weeks before the robbery--both were in a parking lot injecting heroin. Durham testified that in the eight weeks prior to the robbery, he and Batterman began using drugs together and stealing to supply their drug habits. According to Durham, he and Batterman stole lawnmowers and groceries, and committed several burglaries to obtain money to buy more drugs. Durham stated that it was he who came up with the idea of robbing a bank in the two weeks prior to the bank robbery. After the robbery, Durham and Batterman used the proceeds to purchase, among other items, eight bottles of heroin. The government also called David Clemonts and Gene Dunn, both of whom testified that they had seen Batterman inject heroin intravenously on several different occasions.

Durham and Batterman were arrested shortly after the robbery. While they were housed in the same cell awaiting trial, Batterman composed a written statement that read: "I Robert Durham state that Allen Keith Batterman was not with me between the times of 10:30 am & 12:30 pm on Aug. 5th, 1997. I swear that everything above is true and unfabricated." The statement was signed by Durham and wit-

2

nessed by a detention officer. However, Durham later admitted that the statement was false and that he had signed it to "get Batterman off my back" and to avoid a fight. Based on this conduct, the district court imposed a two-level sentencing enhancement for obstruction of justice.

Batterman first claims that the district court erred in admitting the testimony of Durham, Dunn, and Clemonts regarding his drug use and unrelated thefts. Decisions regarding the admission and exclusion of evidence are peculiarly within the province of the district court and will not be reversed on appeal absent an abuse of discretion. See United States v. Loayza, 107 F.3d 257, 263 (4th Cir. 1997). Under Rule 404(b), evidence of other crimes or bad acts is not admissible to prove the character of the defendant, but may be admissible for other purposes, including proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Rule 404(b) is an "inclusive rule" which "admits all evidence of other crimes (or acts) relevant to an issue in a trial except that which tends to prove only criminal disposition." United States v. Masters, 622 F.2d 83, 85 (4th Cir. 1980) (internal quotations omitted). Evidence under Rule 404(b) is admissible if it is (1) relevant to an issue other than character, (2) necessary, and (3) reliable. See United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988).

In United States v. Madden, 38 F.3d 747, 752 (4th Cir. 1994), we developed a specific inquiry to evaluate the admissibility of evidence of drug use to establish motive in a bank robbery prosecution. The government must demonstrate "both that the accused has a significant drug habit or addiction and that he did not have the financial means to support it." Id. In Madden, we found that "highly imprecise evidence of drug usage with no corresponding evidence of financial need" was insufficient to establish admissibility of the defendant's drug use. By contrast, here we find that the evidence presented by the government at Batterman's trial established that he had a significant drug habit and that he did not have the financial means to support it. With respect to the testimony regarding Batterman's participation in various thefts prior to the robbery, we find that the evidence was relevant to an issue other than character, namely that it helped "explain to the jury how the illegal relationship between the participants in the crime developed." United States v. McMillon , 14 F.3d 948, 955 (4th

3

Cir. 1994) (quoting United States v. Roldan-Zapata, 916 F.2d 795, 804 (2d Cir. 1990)). Therefore, the district court did not abuse its discretion in admitting the evidence regarding Batterman's drug use or his involvement in the thefts.

Batterman next claims that the district court improperly enhanced his sentence for obstruction of justice because the statement upon which the enhancement was based was never introduced into evidence at his trial. Section 3C1.1 provides that a defendant's offense level shall be increased by two levels if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." USSG § 3C1.1. A "wide range of conduct falls within the parameters of this section." United States v. Hicks, 948 F.2d 877, 883 (4th Cir. 1991). Application Note 3 provides a "non-exhaustive" list of the types of conduct to which this enhancement was intended to apply, including: "(c) producing or attempting to produce a false, altered, or counterfeit document or record during an official investigation or judicial proceeding." USSG§ 3C1.1, comment. (n.3). Batterman clearly produced a false document during the investigation and prosecution of his case which he intended to use to exonerate himself. Whether the document was actually used at his trial is of no consequence as the guidelines applies to attempts as well as completed conduct. Accordingly, we find that the enhancement was properly applied.

Therefore, we affirm Batterman's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

4