**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 08-4230**

─────────────

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

       v.

DEMETRIUS TYRONE GARDNER,

               Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.   James P. Jones, Chief District Judge.  (1:07-cr-00028-jpj-pms-1)

─────────────

Submitted:  January 23, 2009       Decided:  February 27, 2009

─────────────

Before WILKINSON, KING, and AGEE, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Daniel R. Bieger, COPELAND & BIEGER, P.C., Abingdon, Virginia, for Appellant.  Julie C. Dudley, Acting United States Attorney, Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demetrius Tyrone Gardner appeals his jury conviction and sentence on charges of conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) (2006) (Count One); and knowingly making a material false declaration under oath, in violation of 18 U.S.C. § 1623 (2006) (Counts Three and Four). The district court sentenced Gardner to a total of 360 months' imprisonment and ten years' total supervised release. On appeal, Gardner challenges the district court's admission of evidence of prior bad acts, and the sufficiency of the evidence used to convict him. We affirm.

Gardner's first claim of error is that the district court erred in denying his motion in limine seeking to prevent the Government from introducing evidence of Gardner's convictions for drug-related offenses in 1999 and 2000, under Fed. R. Evid. 404(b) and 403. Gardner claims the evidence was not relevant to whether he engaged in the charged drug conspiracy between August and October 2006, and that the prejudicial effect of the evidence far outweighed its probative value.

We give great deference to the trial court's rulings on the relevancy and admissibility of evidence, and will not disturb such rulings on appeal absent a clear abuse of discretion. United States v. Whittington, 26 F.3d 456, 465 (4th

Cir. 1994). We will not find an abuse of the district court's discretion in the admission of Fed. R. Evid. 404(b) evidence absent a showing of arbitrariness or irrationality. United States v. Haney, 914 F.2d 602, 607 (4th Cir. 1990). Evidence is admissible pursuant to Rule 404(b) if it is "(1) relevant to an issue other than character, (2) necessary, and (3) reliable." United States v. Sanchez, 118 F.3d 192, 195 (4th Cir. 1997) (quoting United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988)).

We find no abuse of the district court's discretion in the admission of Gardner's prior crimes. A not-guilty plea places a defendant's intent at issue, and evidence of similar prior crimes can therefore be relevant to prove intent to commit the crime charged. See Sanchez, 118 F.3d at 196. Prior convictions for narcotics offenses and evidence of prior arrests for narcotics offenses is an accepted means of establishing intent, knowledge of the drug trade, and intent to distribute. Id. at 196-97. See also United States v. Hodge, 354 F.3d 305, 311-12 (4th Cir. 2004); United States v. Mark, 943 F.2d 444, 448 (4th Cir. 1991). Here, the challenged evidence was probative of Gardner's knowledge and intent as it related to the charge of conspiracy to possess with the intent to distribute and distribute cocaine base. In addition, his prior convictions were probative of his knowledge of the drug trade and refute any

3

contention that he was an innocent bystander with regard to the October 23, 2006, transaction, or in his numerous dealings with Norman, or that he committed the acts charged by accident or mistake.

Nor was the probative value of the evidence of prior bad acts outweighed by the potential prejudice. See Fed. R. Evid. 403. The challenged evidence was not lurid, inflammatory, nor would it tend to cause the jury to decide the case in an irrational manner. Moreover, the limiting instruction given to the jury in this case was adequate such that the jury would not rely improperly on the prior bad act evidence. See generally Mark, 943 F.2d at 449; United States v. Masters, 622 F.2d 83, 87 (4th Cir. 1980).

Gardner's final claim of error is that the evidence was insufficient to convict him of the drug distribution conspiracy charged in Count One of the indictment, or of making false statements as charged in Counts Three and Four. In evaluating the sufficiency of the evidence supporting a criminal conviction on direct review, "[t]he verdict of the jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). Substantial evidence is evidence "that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's

4

guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). We consider circumstantial and direct evidence, and allow the Government the benefit of all reasonable inferences from the facts proven to those sought to be established. Id. at 858; United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). In evaluating the sufficiency of the evidence, this Court does not review "the credibility of the witnesses and assume[s] that the jury resolved all contradictions in the testimony in favor of the government." United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007), cert. denied, 128 S. Ct. 1690 (2008); United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002). Our review of the record discloses sufficient evidence presented at Gardner's trial to support the jury's findings.[*]

The record reflects that the Government presented evidence that Gardner was involved in a drug transaction with a confidential informant of the Bristol Virginia Police Department on October 23, 2006. The confidential informant, fitted with audio and video recording capabilities, arranged a transaction

---

[*] As Gardner did not move for judgment of acquittal pursuant to Fed. R. Crim. P. 29, we review for plain error his claim of insufficiency of the evidence, to determine whether or not "manifest injustice" occurred. United States v. Wallace, 515 F.3d 327, 332 n.5 (4th Cir. 2008)(citing Lockhart v. United States, 183 F.2d 265 (4th Cir. 1950)).

5

involving crack cocaine with an individual she knew as "Ty," who was identified as Gardner.  A recorded telephone call was placed to Gardner, the meeting was set up, and the informant approached a vehicle in which Gardner was a passenger.  The confidential informant gave the female driver $150, and Gardner then handed a piece of crack cocaine to the driver, who then handed the crack cocaine to the informant.

Following his arrest, Gardner was interviewed by Drug Enforcement Administration Agent Brian Snedeker.  During that interview, Gardner confessed to Agent Snedeker that he had been assisting Alonzo Norman in the distribution of crack cocaine for a period of approximately three months.  Agent Snedeker testified that Gardner told him that Gardener would find customers for Norman that were willing to purchase an ounce of crack cocaine.  After completion of the deal, Norman would give Gardner $200.  Gardner further stated that Norman was selling one ounce of crack cocaine for $1000, and that the transactions occurred approximately five to six times a week and at different locations in Bristol, Virginia and in Bristol, Tennessee. Gardner identified five to six one ounce transactions occurring at a barbershop in Bristol, Virginia.  Based on Gardner's statements to him, Agent Snedeker calculated that Gardner had assisted in the distribution of 1275 grams of crack cocaine.

6

Following his statements to Agent Snedeker, Gardner agreed to attempt to set up a drug deal with Alonzo Norman, and placed a number of recorded phone calls to Norman for that purpose. However, no deal was accomplished. Phone records introduced at trial corroborated Gardner's confession, and revealed that numerous phone calls had been made from Gardner's cellular telephone to the cellular telephone of Norman prior to October 27, 2006, and included the recorded phone calls placed at Snedeker's direction.

Gardner challenges this evidence, claiming that the Government failed to prove that he entered into an agreement with anyone, because neither Alonzo Norman nor anyone else testified to an agreement to distribute more than fifty grams of crack, nor was there any evidence of a specific transaction between Gardner and Norman. He also notes that the videotape of the transaction with the confidential informant did not capture Gardner's person. Gardner finally challenges as unreliable the testimony of the confidential informant, of Jeremy Taylor, who testified against Gardner, and of Agent Snedeker, to the extent that he failed to tape record Gardner's incriminating statements.

As evidenced by the finding of guilt, the jury resolved any conflicts in testimony in favor of the prosecution, determined the Government's witnesses to be sufficiently

7

credible to support their verdict of guilty, and otherwise found sufficient circumstantial and direct evidence of guilt. Gardner's claims on appeal that the witnesses' testimony was inconsistent or not credible, or that the witnesses' self-interest outweighed their credibility, are insufficient to support reversal of the jury's verdicts, because in resolving issues of substantial evidence, this court does not weigh evidence or review witness credibility. Lomax, 293 F.3d at 705; Burgos, 94 F.3d at 863. We find that this evidence is adequate and sufficient to support the jury's conclusion beyond a reasonable doubt that Gardner had an agreement with at least one other individual to engage in conduct that violated a federal drug law, and that he knowingly and voluntarily participated in the conspiracy. See Wilson, 135 F.3d at 306.

To prove perjury, the Government must establish that Gardner gave false testimony under oath "concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." See United States v. Dunnigan, 507 U.S. 87, 94 (1993); United States v. Smith, 62 F.3d 641, 646 (4th Cir. 1995). Here, the Government introduced evidence in the form of a transcript of a supervised release revocation hearing held on November 20, 2006, in which Gardner denied, under oath, setting up five or six drug deals a week for Alonzo Norman, and denied being

involved in any crack cocaine transactions on either the Virginia or Tennessee side of State Street on October 23, 2006.

The sole basis for Gardner's claim of insufficiency of the evidence relating to the perjury conviction is his claim that "[b]ecause the Government failed to prove that Gardner in fact made incriminating admissions to Agent Snedeker, the Government failed to prove that Gardner made materially false statements at the revocation hearing." As discussed above, however, in convicting Gardner of conspiracy, the jury apparently believed that Gardner made the incriminating statements to Agent Snedeker. Just as this court will not second-guess the credibility findings of the jury relative to the conspiracy conviction, it will not set aside the jury's credibility findings relative to the perjury conviction. See Foster, 507 F.3d at 245.

There is no merit to Gardner's claims of insufficiency of the evidence. The jury's verdict on each of the three counts was amply supported by the evidence.

Accordingly, we affirm Gardner's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

9