915 F.2d 1566
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas PARZYNSKI, Defendant-Appellant.
 No. 90-5777.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 30, 1990.
Decided Oct. 12, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Herbert F. Murray, Senior District Judge. (CR-89-304)
 Fred Warren Bennett, Federal Public Defender, Anthony R. Gallagher, Assistant Federal Public Defender, Baltimore, Md., for appellant.
 Breckinridge L. Willcox, United States Attorney, Barbara S. Skalla, Assistant United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, WILKINSON, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Thomas Parzynski was convicted in the United States District Court for the District of Maryland of one count of possession of phencyclidine with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1), and two counts of unlawfully resisting a police officer, in violation of 18 U.S.C. Sec. 111(a)(1). He asks that his convictions be reversed because the trial court erred in admitting certain demonstrative evidence and because the prosecutor's improper remarks during closing argument denied him a fair trial. We find no merit in either of these contentions and affirm the judgment of the district court.
 
 I.
 
 2
 Parzynski was a passenger in a car that two United States Park Policemen stopped at 4:30 a.m. on the Washington-Baltimore Parkway for travelling twenty-five miles-per-hour below the speed limit and weaving between lanes. When the officers approached the car, they noticed the distinctive smell of phencyclidine (PCP), a controlled substance. They arrested the driver and asked the passengers to keep their hands on the seat in front of them. Parzynski repeatedly removed his hands from sight and lowered them to his side in the back seat. When the police began directing the passengers out of the car, Parzynski asked why he was under arrest, and when he did not receive an answer, he became hostile. The efforts of four policemen were required to handcuff and secure him. A search of the car produced a flavoring extract bottle containing one ounce of liquid PCP, located near the area where Parzynski had been seated.
 
 
 3
 During his arrest, Parzynski received injuries requiring medical attention, including bruises, lacerations, and a fractured rib. While Parzynski was at the hospital receiving treatment, he explained to an accompanying police officer that he had traveled to Washington, D.C., to purchase PCP to bring back to a party in Maryland. The police officer, who had been in uniform for only four to five weeks, failed to include this information in his initial written report. When interviewing the officer in preparation for the grand jury, the government attorney discovered this oversight and directed the officer to file a supplemental report containing the additional information. At trial, the defense did not dispute that Parzynski possessed the PCP, but asserted that no evidence existed that he intended to distribute the drug. Counsel claimed that the police had a grudge against Parzynski stemming from his arrest, and alleged that the confession at the hospital never took place. The jury convicted Parzynski on all three counts. This appeal followed.
 
 II.
 
 4
 During the trial, John Wall of the Drug Enforcement Administration testified as an expert on drug trafficking practices. He informed the jury that PCP is ingested by inhalation and that drug traffickers at lower distribution levels generally prefer selling the drug in the form of parsley that has been sprayed with liquid PCP, because that method maximizes their profits. The treated parsley is then rolled into cigarettes and sold. After stating that one ounce of PCP treats about five ounces of parsley flakes, Wall exhibited to the court and jury a bag containing that amount of parsley. Parzynski objects to that demonstration, claiming that it was irrelevant and overly prejudicial, and that we must reverse his conviction on the drug count.
 
 
 5
 We believe that the demonstration was relevant and properly admitted. We accord the trial court appropriate deference with respect to the admission of evidence and will not interfere with its determinations absent "extraordinary circumstances." See United States v. MacDonald, 688 F.2d 224, 227-28 (4th Cir.1982). Demonstrative or illustrative evidence is admissible "to help [a] witness explain his or her testimony." Carson v. Polley, 689 F.2d 562, 579 (5th Cir.1982). Wall's testimony as to the levels and methods of PCP distribution was a relevant and "logical explanation[] elucidating the nature and importance" of one ounce of liquid PCP. See United States v. Gregg, 829 F.2d 1430, 1438 (8th Cir.1987). A physical display of five ounces of parsley flakes would have increased the jury's understanding and appreciation of what was involved by offering them a concrete illustration that was part of their common experience, in place of an abstract discussion with little meaning. Finding no evidence that the demonstration risked exciting the jury to irrational behavior, see United States v. Masters, 622 F.2d 83, 87 (4th Cir.1980), we find no error in allowing the demonstration.
 
 III.
 
 6
 Parzynski also claims that the prosecutor's improper remarks during closing argument rebuttal were so prejudicial as to deny him a fair trial. Specifically, he points to a statement that bolstered a witness' testimony and to remarks concerning the relevance of whether or not police had conducted further investigation into Parzynski's past or present drug dealings following his arrest. We do not believe, however, that the prosecutor's closing argument so prejudiced Parzynski that he did not receive a fair trial. See United States v. Harrison, 716 F.2d 1050, 1052 (4th Cir.1983) (laying out test for determining when prosecutor's comments are so prejudicial as to require reversal).
 
 A.
 
 7
 Defense counsel, in closing argument, contended that Parzynski never made the statement to the officer at the hospital about taking the PCP to the party for his friends, and accused the police officer of lying in the supplemental report he filed after preparing with the prosecuting attorney for the grand jury. In rebuttal, the government attorney stated:
 
 
 8
 [W]hen he [the officer] came in and talked to me ... I pointed out some things to him that should have been in his report. So what did he do? He wrote a supplemental report ... If you believe otherwise, then come back and you tell Judge Murray to indict me and put me in jail and put those two Park Police officers in jail.
 
 
 9
 The government concedes that these remarks were improper. However, we do not find the comments so prejudicial as to have denied Parzynski a fair trial under Harrison. First, the statement was a single isolated remark in the midst of a lengthy closing argument. Second, defense counsel had indirectly placed the government attorney's integrity and honesty in question, and the remark was more likely an instinctive response to such a tactic than a deliberate attempt to divert the jury's attention to extraneous matters. In weighing possibly prejudicial arguments, the "closing argument of the [p]rosecutor must be considered in the light of the previous arguments of defense counsel in order to determine whether there was provocation for what the [p]rosecutor said." United States v. Hoffa, 349 F.2d 20, 50 (6th Cir.1965), aff'd, 385 U.S. 293 (1966). Finally, given the strength of the evidence against Parzynski, we cannot conclude that this remark deprived him of a fair trial.
 
 B.
 
 10
 Parzynski also argues that the prosecutor's statements concerning whether or not police had conducted further investigation following Parzynski's arrest were highly prejudicial. He claims that the prosecutor's assertions were incorrect and misleading statements of both the facts and the law.
 
 
 11
 In closing rebuttal, the government stated:
 
 
 12
 [Defense] has represented to you that there has been no further investigation in this case, and I submit to you there has been no evidence that there has or that there has not, what investigation that was. The investigation that was done, the part of that that is relevant you have heard about. Again, the rules of evidence bind us. It's not my job, and Judge Murray would never let me, come in here and give you a scenario of everything that happened in this case, everyone spoken to and every bit of information that was collected, not when it's irrelevant to Mr. Parzynski. He is charged with this ounce. Not what he did the day before. Not what he may have done a week later ... Even if I wanted to stretch this out even further, I can't show that information to you.
 
 
 13
 Our review of the record satisfies us that no evidence admitted at trial revealed whether or not there was a subsequent investigation. The prosecutor's statement to that effect, therefore, was factually accurate. The prosecutor's statements must be placed in context as well. It was defense counsel who first raised the topic of subsequent investigation and who argued in closing that the lack of any evidence from additional investigation pointed to the lack of an intent to distribute. The government was certainly entitled to point out the limitations of any inferences based upon a lack of evidence.
 
 
 14
 Finally, the prosecutor's comments did not deprive defendant of his right to a fair trial. Whether the police considered Parzynski a large enough dealer to investigate further has little bearing on Parzynski's intent to distribute the ounce he possessed. There was ample evidence from which the jury could conclude that Parzynski possessed the PCP with intent to distribute it.
 
 IV.
 
 15
 Finding no merit in Parzynski's arguments, the judgments of conviction are hereby
 
 
 16
 AFFIRMED.