972 F.2d 344
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
U.S. of America, Plaintiff-Appellee,
v.
Ronny Lee WALLACE, Defendant-Appellant.
 No. 91-5346.
 United States Court of Appeals,
Fourth Circuit.
 Argued: April 10, 1992
Decided: July 30, 1992
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Samuel G. Wilson, District Judge. (CR-90-185-R)
 ARGUED: Jonathan Mitcalfe Apgar, Damico & Apgar, Roanoke, Virginia, for Appellant.
 Jean Martel Barrett, Assistant United States Attorney, Roanoke, Virginia, for Appellee.
 ON BRIEF: E. Montgomery Tucker, United States Attorney, Roanoke, Virginia, for Appellee.
 W.D.Va.
 Affirmed.
 Before RUSSELL, MURNAGHAN, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Before us is an appeal from the Western District of Virginia, Roanoke Division, filed by the defendant, Ronny Lee Wallace, arguing that the district court, in his trial for a drug and a firearm violation, erred in (1) failing to give a jury instruction on entrapment; (2) excluding the defendant's medical records from evidence; and (3) permitting evidence regarding other drug transactions involving the defendant.
 
 
 2
 On November 14, 1990, an indictment was returned against Wallace, charging him with using or carrying a firearm during or in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c), and with intentionally and unlawfully possessing with the intent to distribute less than fifty kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D). Following a jury trial, Wallace was found guilty on both counts on April 11, 1991. The court sentenced Wallace to sixty-six months imprisonment from which he filed a timely notice of appeal.
 
 I.
 
 3
 A confidential informant indicated to members of the Roanoke City Vice Squad in July of 1990 that Wallace wanted to purchase approximately twenty pounds of marijuana. On October 4, 1990, the Vice Squad arranged for Wallace to purchase marijuana at the Econo Lodge in Roanoke, at which time Wallace paid an undercover detective of the Vice Squad, Detective Keri Wood, $13,000 in cash for the marijuana. The conversation between Wallace and Wood was taped and the detective elicited numerous comments from Wallace to the effect that he had dealt drugs in the past, that he would be able to sell the marijuana in approximately one week and a half, and that he would like to continue purchasing drugs. Wallace was promptly arrested and a concealed pistol was found in the waistband of his pants.
 
 
 4
 At trial, Wallace sought to introduce medical records to corroborate testimony of his mother that he had been in an accident and had undergone major reconstructive surgery. The objective was to enhance the proof that Wallace was suffering from a significant amount of pain at the time that he was arrested for purchasing marijuana with the intent to distribute it. The trial court excluded the medical records under Rule 403 of the Federal Rules of Evidence, but permitted Wallace's mother to testify regarding his pain.
 
 
 5
 The government called Wood, the detective, to testify regarding conversations that he had with Wallace regarding, inter alia, Wallace's prior history of drug dealing. Over an objection, the district court permitted Wood to testify about the prior drug dealing of Wallace, but cautioned the jury that the evidence was being admitted for the limited purpose of showing intent.
 
 
 6
 At the close of the trial, Wallace requested a jury instruction on entrapment based upon his testimony that the government informant had repeatedly contacted him over a period of several months to induce him to purchase marijuana. The court refused to give an entrapment instruction, ruling that as a matter of law that the evidence did not establish an entrapment defense.
 
 
 7
 The present appeal followed, in which Wallace has argued that the district court erred (1) in refusing to give the jury an entrapment instruction, (2) in admitting the testimony of Wood as to Wallace's prior history of drug dealing, and (3) in refusing to admit his medical records.
 
 II.
 
 8
 First, we consider the argument that the district court erred in refusing to instruct the jury on entrapment and in holding that Wallace had failed, as a matter of law, to introduce sufficient evidence to support an entrapment defense. In order to be entitled to an instruction on the defense of entrapment, "a defendant must show prima facie overreaching inducive conduct on the part of the government." United States v. DeVore, 423 F.2d 1069, 1071 (4th Cir. 1970) (citations omitted). "A showing of solicitation alone, however, will not suffice ... since solicitation by itself is not the kind of conduct that would persuade an otherwise innocent person to commit a crime." Id. (citations omitted). Rather, Wallace must introduce evidence of"excessive behavior on the part of the government that could be said to be so inducive to a reasonably firm person as likely to displace mens rea." Id. at 1072.
 
 
 9
 When those principles are applied to the case at hand, it becomes apparent that Wallace failed to make the necessary showing of inducement "on the part of the government." The only evidence of inducement introduced by Wallace was his own testimony that the government's informant, whom he had known for many years, repeatedly contacted him, urging him to go back into the business of drug dealing. Wallace claimed that he refused the informant's overtures, explaining that he had no interest in dealing drugs and only intended to use a small amount of marijuana personally for pain associated with his accident. However, according to Wallace, the informant wore him down and he finally agreed to engage in the marijuana purchase to obtain a small amount for his personal use. Regardless of the fact that it would require a leap of imagination to assume that his characterization was truthful,* Wallace has merely shown at most solicitation, which is insufficient as a matter of law to entitle Wallace to a jury instruction on entrapment. See DeVore 423 F.2d at 1072.
 
 
 10
 Wallace has introduced nothing to indicate solicitation, let alone inducement, of him by the Roanoke City Vice Squad. No instructions by it to the informant to that effect were shown to have been made.
 
 
 11
 Second, Wallace has claimed that the district court erred in admitting evidence regarding his prior history of drug dealing. He has objected to the testimony of Wood and the admission of excerpts from the taped conversations between Wood and himself recorded immediately prior to the arrest. The district court admitted the testimony with a limiting instruction to the jury that the evidence was being admitted for the limited purpose of showing intent.
 
 
 12
 Rule 404(b) of the Federal Rules of Evidence permits the introduction into evidence of prior bad acts to demonstrate "motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." Fed. R. Evid. 404(b). Of course, Rule 404(b) does not permit evidence of prior bad acts to prove conduct in conformity therewith. Id. We have defined the contours of Rule 404(b) as an "inclusive rule" that " 'admits all evidence of other crimes [or acts] relevant to an issue in a trial except that which tends to prove only criminal disposition.' " United States v. Masters, 622 F.2d 83, 85 (4th Cir. 1980) (footnote and citation omitted).
 
 
 13
 We review the district court's decision to admit the evidence, pursuant to Rule 404(b) of the Federal Rules of Evidence, under an abuse of discretion standard. See Masters, 622 F.2d at 87. See also United States v. Ramey, 791 F.2d 317, 323 (4th Cir. 1986). In the instant case, the district court permitted the introduction of the evidence, over objection, instructing the jury as follows:
 
 
 14
 Ladies and gentlemen, you're about to hear evidence that the defendant previously or allegedly previously admitted acts similar to the ones charged in Count Two, that is distribution of controlled substances. You may use this evidence to help you decide whether the defendant intended to distribute marijuana. It is admissible only on the question of intent. Remember, however, that the mere fact that the defendant may have committed similar acts in the past is not evidence that he committed such an act in this case. The defendant is on trial for the crimes charged in the indictment and for those crimes alone. You may not convict a person simply because you believe he may have committed some acts, even bad acts in the past.
 
 
 15
 Wallace primarily objects to the court permitting Wood to testify that Wallace asked about acquiring cocaine and admitted to having sold cocaine in the past. While the evidence was certainly prejudicial, evidence of Wallace's prior drug dealing, involving both marijuana and cocaine, was relevant to showing that Wallace intended to distribute the marijuana purchased, thereby violating 21 U.S.C.ss 841(a)(1) and 841(b)(1)(D). Even though Wallace essentially admitted on the tape recordings that he intended to distribute the marijuana, the government was nonetheless required to prove intent to distribute the marijuana beyond a reasonable doubt. We cannot say that the district court's admission of the evidence amounted to an abuse of the court's discretion because the evidence clearly was relevant to intent to distribute and the court carefully instructed the jury that the evidence was admissible for that limited purpose.
 
 
 16
 Finally, Wallace argues that the district court erred in excluding Wallace's medical records from evidence. Wallace has argued that the exclusion of the medical records deprived the jury of the benefit of evidence which corroborated his mother's testimony that he experienced severe pain, resulting from reconstructive surgery following an automobile accident, at the time that the drug transaction took place. The evidence purportedly went to establish a defense for being in possession of a firearm during a drug transaction, namely that following the surgery, Wallace was fragile and his parents insisted that he carry a gun at all times. Although the government did not object to the introduction of the medical records, the district court sua sponte refused to permit the introduction of the records into evidence under Rule 403 of the Federal Rules of Evidence. The district court opined that the evidence was not probative, was subject to misleading the jury, and was too tangential to Wallace's defense to the gun charge.
 
 
 17
 Rule 403 provides that "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Review of the district court's refusal to admit the evidence pursuant to Rule 403 is under an abuse of discretion standard. United States v. Tindle, 808 F.2d 319, 327 & n.6 (4th Cir. 1986).
 
 
 18
 The district court ruled that the evidence was only tangentially probative of Wallace's defense to the gun charge and that the evidence could mislead the jury. Under the circumstances of the instant case, the district court did not abuse its discretion. It was undisputed in the record that Wallace had a bad medical condition. Moreover, Wallace's parents each so testified and further testified that they had urged him to carry a gun at all times, and that his father actually purchased the gun for him. The district court's conclusion, that the evidence should be excluded because "to get into what procedures were performed and how many stitches were put and where the plate was in his head, and all those things get pretty far afield," was not an abuse of discretion.
 
 
 19
 Accordingly, the district court's decision is
 
 
 20
 AFFIRMED.
 
 
 
 *
 The record contains substantial evidence indicating that Wallace's characterization was untrue. Wood testified that Wallace repeatedly contacted the informant about setting up a drug transaction. The informant verified Wood's version. Moreover, and most pertinently, Wallace, himself, testified that "I just decided I'd do it. It would be an easy way to get my pot. I wouldn't have to pay for it, you know, I'd just, you know, I figured it would make everybody happy, and I was going to get me a half pound of pot." The evidence clearly indicates that Wallace was not an otherwise innocent person induced by the government to commit a crime. Contrast Jacobsen v. United States, U.S., 60 U.S.L.W. 4307, 4310 (1992), where the defendant was induced, through twenty-six months of repeated government efforts, to become disposed to break the law before he succumbed. Unlike the instant case, Jacobsen concerned a case where, prior to solicitation and inducement, the defendant was always "acting within the law." Id