986 F.2d 1415
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Samuel CENTENO, Defendant-Appellant.
 No. 92-5141.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 4, 1993
Decided: February 22, 1993
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Norwood Carlton Tilley, Jr., District Judge. (CR-91-42-G)
 Jules Epstein, Philadelphia, Pennsylvania, for Appellant.
 Robert H. Edmunds, Jr., United States Attorney, David B. Smith, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before HALL and WILLIAMS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Samuel Centeno appeals his conviction on charges of possession with intent to distribute cocaine in violation of 21 U.S.C.A. § 841 (West 1981 & Supp. 1992). Centeno contends that the court improperly admitted a statement made by him that caused him to reveal a past crime in explaining the statement. Because the district court did not err in admitting the statement, we affirm.
 
 
 2
 At the time of Centeno's surrender to federal officials, the officials explained the charges and showed Centeno a copy of the indictment. Centeno responded "I don't do that anymore." At trial the district court refused to allow the Government to introduce the statement in its case in chief. The judge felt that, on the evidence in the record at that time, the statement's probative value did not outweigh its undue prejudicial effect.* However, the court warned Centeno that if he put on a defense of lack of knowledge or intent, the statement might become sufficiently probative that the Government would be allowed to use it as rebuttal evidence. The statement was admitted after Centeno put on a defense based on lack of knowledge or intent. Centeno was convicted of the drug charge.
 
 
 3
 "[T]he decision whether to admit evidence under [Fed. R. Evid. 403] is one left to the sound discretion of the trial court. We will not upset such a decision except under 'the most'extraordinary' of circumstances,' where that discretion has been plainly abused." United States v. Masters, 622 F.2d 83, 88 (4th Cir. 1980). Further, abuse of discretion is also the standard by which admission of evidence of past crimes is reviewed. United States v. Mark, 943 F.2d 444, 447 (4th Cir. 1991).
 
 
 4
 To the extent that the statement here might have introduced, albeit indirectly, evidence of past crimes, that introduction was allowable under Fed. R. Evid. 404(b). Rule 404(b) is inclusionary, and only excludes "other crimes" evidence where it tends to prove only criminal disposition. Id. (quoting United States v. Masters, 622 F.2d at 85). Knowledge and intent are elements of conspiracy that must be proved by the prosecution. Id. Because the statement here was admitted to rebut Centeno's testimony of ignorance and denial, the statement was relevant to the proof of those elements and did not prove only criminal disposition. Thus, the statement was properly admitted under Rule 404.
 
 
 5
 Of course, other crimes evidence is subject to a Rule 403 analysis. Id. at 448; United States v. Hadaway, 681 F.2d 214, 217 (4th Cir. 1982). Rule 403 comprehends a balancing of undue prejudicial effect against probative value. See Mark, 943 F.2d at 449. The prejudicial effect alleged here is that the statement forced Centeno to admit prior involvement with drugs, thus making him look like a bad person with a tendency to involve himself with drugs. The probative value of the statement is that it was inculpatory with regard to Centeno's knowledge and intent in the present conspiracy. The district court proscribed use of the statement in the government's case-in-chief, but allowed it into evidence in order to rebut Centeno's defense of ignorance. The probative value of the statement rose significantly after Centeno proffered a defense based on lack of knowledge and intent. Thus, the trial court did not abuse its discretion when it allowed the statement to be introduced to rebut Centeno's defense. See United States v. Fells, 920 F.2d 1179 (4th Cir. 1990), cert. denied, 59 U.S.L.W. 3838 (U.S. 1991).
 
 
 6
 Because the district court did not abuse its discretion in admitting the statement into evidence, we affirm Centeno's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The court's primary concern was the ambiguity of the statement. It was and is unclear whether the statement addressed a prior wrong or involvement in the current offense. This ambiguity goes to probative value, and ultimately, because this is a Fed. R. Evid. 403 issue, admissibility