**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MITCHELL LEE SUMPTER,
Plaintiff-Appellant,

v.

B. HAM, Officer; ROGER, Sargeant;

KEENDY, Lieutenant; FNU ANDERSON,
Officer; HICE, Officer; DIXSON,
Officer; WALTERS, Officer; STATEN,
Officer; DOZIER, Officer,
Defendants-Appellees.

No. 99-7068

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., District Judge.
(CA-98-320-2-17AJ)

Submitted: February 24, 2000

Decided: March 3, 2000

Before MOTZ and KING, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Mitchell Lee Sumpter, Appellant Pro Se. Robert Thomas King,
WILLCOX, BUYCK & WILLIAMS, P.A., Florence, South Carolina,
for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Mitchell Lee Sumpter appeals from the district court's order entering judgment on the jury verdict in favor of Defendants in his 42 U.S.C.A. § 1983 (West Supp. 1999) action in which he alleged that Defendants violated his Eighth Amendment rights by using a stun baton gun on him. We affirm.

We find no abuse of discretion in the district court's evidentiary rulings. See United States v. Francisco, 35 F.3d 116, 118 (4th Cir. 1994). Major Stuckey's testimony from a previous trial was properly excluded because Sumpter failed to show that Stuckey was unavailable to testify in this trial and because the evidence was duplicative. See Fed. R. Evid. 403, 804(a), (b)(1). The statement in Sumpter's medical records that he informed a social worker that he studied the prison's policies in order to manipulate the system was properly admitted as an admission by a party, see Fed. R. Evid. 801(d)(2), and the records were admissible under Fed. R. Evid. 803(6).

Any error in the court's refusal to allow Sumpter to review and admit into evidence the prison's policy concerning use of the stun gun was harmless because Sumpter presented the substance of the policy through his witnesses. See United States v. Morison, 844 F.2d 1057, 1078 (4th Cir. 1988); see also Belcher v. Oliver , 898 F.2d 32, 36 (4th Cir. 1990) (violation of prison regulation not a constitutional violation). Lastly, we find no abuse of discretion in the court's admission of the Defendants' demonstration of the use of a stun gun on an officer for the limited purpose of showing how the baton is used and its effects. See United States v. Masters, 622 F.2d 83, 87 (4th Cir. 1980).

Sumpter also challenges the district court's ruling that he could not have street clothes mailed to him at the courthouse. However, because the court provided that Sumpter could have clothes brought to the

2

courthouse there was no constitutional violation. <u>See Estelle v. Williams</u>, 425 U.S. 501, 512-13 (1976) (prisoner may not be <u>compelled</u> to wear prison attire). Also, because his claim was that the Defendants, correctional officers, utilized excessive force against him, he cannot show prejudice from the jury seeing him in prison garb. <u>See id.</u> at 506-07 ("No prejudice can result from seeing that which is already known.") (internal quotations omitted).

Finding no error in the district court's evidentiary rulings, or the fact that Sumpter appeared at trial in prison attire, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3