896 F.2d 1368
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Spencer T. MYERS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Keith MILLER, Defendant-Appellant.
 Nos. 89-5161, 89-5162.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 20, 1989.
Decided: Feb. 9, 1990.
 
 Mary Lou Newberger, Assistant Federal Public Defender; Mitchell Lee Klein on brief, for appellants.
 Michael W. Carey, United States Attorney; S. Benjamin Bryant, Assistant United States Attorney, on brief, for appellee.
 Before MURNAGHAN, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Spencer Myers and Richard Miller appeal their convictions for multiple drug-related offenses in the United States District Court for the Southern District of West Virginia. Both appellants allege that "other acts evidence" was erroneously admitted pursuant to Fed.R.Evid. 404(b) and that a prosecution witness testified at trial who had not been identified during pre-trial discovery as agreed by the parties. Myers alleges that the evidence adduced at trial was insufficient to sustain his conviction for using or carrying a firearm in the commission of a drug-related offense under 18 U.S.C. Sec. 924(c). We hold that the court did not abuse its discretion on the evidentiary rulings and that there was substantial evidence to sustain Myers' conviction on the firearm count. The judgments of conviction are therefore affirmed.
 
 I.
 
 2
 On January 24, 1989, the grand jury returned a seven-count indictment against Spencer Myers and Richard Miller. Both were charged with conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. Sec. 846; aiding and abetting the possession with intent to distribute cocaine, in violation of 21 U.S.C. Sec. 841 and 18 U.S.C. Sec. 2; and substantive acts of possession with intent to distribute cocaine, in violation of 21 U.S.C. Sec. 841 and 18 U.S.C. Sec. 2. In addition, Myers was charged with carrying or using two listed firearms during and in relation to a drug trafficking offense, in violation of 18 U.S.C. Sec. 924(c), and of being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1).
 
 
 3
 The evidence at trial tended to show the following: on October 7 and 11, 1988, government informant Beverly Evans, a former drug addict and prostitute, purchased cocaine from defendant Myers at his residence in Huntington, West Virginia. According to the informant's trial testimony, prior to becoming an informant she had also purchased cocaine from Myers on numerous previous occasions beginning in the spring of 1988.
 
 
 4
 When Myers was detained for running a stop sign on November 16, 1988, the officer observed an open paper bag which appeared to contain drug paraphernalia in the back seat of the car. A search of Myers' person and car revealed a loaded Taurus .38 caliber six shot revolver, two bullets (in Myers jacket), a box of .38 caliber ammunition, eighteen pills, and a paper packet, a plastic bag and eight small plastic bags, all containing cocaine.
 
 
 5
 Government informant Arthur McCloud, a former cocaine addict, went to Myers' residence on January 12, 1989, to purchase cocaine from him. He testified at trial that he had purchased cocaine from Myers about ten or fifteen times over several months prior to December 1988.
 
 
 6
 Evidence of the conspiracy between Miller and Myers came from a prostitute and drug abuser, Shawna Heslop. She testified that Miller provided her with cocaine twice on January 12, 1989, and then took her to Myers' residence in order to get more cocaine. Heslop remained at Myers' residence from January 13 through January 17, 1989, during which time Miller returned several times. Heslop observed Myers selling cocaine to twenty or thirty people per day.
 
 
 7
 At trial the prosecution also called Kimberly Orme, who testified to a drug transaction between herself and Miller and another between herself and Myers.
 
 
 8
 Prior to trial, defendants filed motions in limine seeking to exclude, inter alia, evidence that Myers possessed a firearm in connection with his drug dealing on dates other than January 18, 1989. The district court denied the motions after hearing the arguments of counsel. Defendants were ultimately convicted on all counts. This appeal followed.
 
 II.
 
 9
 Appellants argue that the district court erred in admitting evidence that Myers possessed firearms on occasions other than January 18, 1989. We disagree. The district court held the evidence was relevant and admissible under Fed.R.Evid. 404(b), and we find no reason to disturb the exercise of its discretion.
 
 
 10
 The firearms at issue here were discovered pursuant to a search by warrant during which the officers also recovered drug paraphernalia in Myers' small, two bedroom apartment and drugs on Myers' person. The prosecution was required to show that the firearms recovered in the raid of Myers' residence were used or carried intentionally or knowingly "during the commission of" his felony drug offense. See 18 U.S.C. Sec. 924(c). Although Rule 404(b) prohibits introduction of "other crimes, wrongs or acts" to show the character of the defendant, it allows such evidence "for other purposes" such as to prove motive, intent, preparation, plan, or absence of mistake. The evidence that Myers often carried a firearm during his drug deals went to the issue of his motivation for possessing firearms on January 18, 1989, a statutory element of the crime. The evidence tended to show that Myers possessed firearms on January 18, 1989, as part of his overall preparation and plan illegally to possess and distribute drugs. We cannot say that the district court acted "arbitrarily or irrationally" in ruling that this evidence was admissible. United States v. Masters, 622 F.2d 83, 87-88 (4th Cir.1980).*
 
 III.
 
 11
 We also reject appellant Myers' contention that there is insufficient evidence to convict him under 18 U.S.C. Sec. 924(c). This section requires evidence that the defendant carried or used a firearm during the commission of a drug offense, here conspiracy to possess cocaine with intent to distribute. Appellant argues that the evidence is insufficient because the record does not show that the firearms recovered on January 18, 1989, were on his person, in plain view, or in the same room where defendant was arrested or drugs were found (citing United States v. Feliz-Cordero, 859 F.2d 250 (2d Cir.1988) (presence of loaded firearm in dresser drawer not sufficient to sustain conviction)).
 
 
 12
 We disagree. Unlike the situation in Feliz-Cordero, the evidence recovered from the search of Myers' residence is well corroborated by the testimony of witnesses who observed him with similar or identical weapons on other occasions, in connection with drug dealing. The evidence at trial showed that Myers sold cocaine routinely from the residence where the firearms were recovered. On November 16, 1988, when Myers' car was searched, the officers found a loaded gun under the seat of the car as well as a significant quantity of cocaine. The similar acts evidence tended to show that Myers often carried a pistol in the car he was driving or in his belt and that he kept guns at his residence, either in a box, on his person, or on display during drug deals. Between January 13 and January 17, 1989, while dealing cocaine to as many as 20-30 persons per day, Myers carried a loaded Derringer in his belt. Finally, when Myers was arrested on January 18, 1989, a loaded Derringer, another pistol, and various cocaine use and distribution paraphernalia were recovered at his residence, along with two ounces of cocaine on his person. We find that from the totality of the evidence before it the jury could reasonably have concluded that Myers used the firearms found in his apartment as a means of protecting the cocaine and cash that is part and parcel of a drug conspiracy. See United States v. Theodoropoulos, 866 F.2d 587, 597 (3d Cir.1989).
 
 IV.
 
 13
 Finally, we reject appellants' argument that the district court erred in allowing a last minute prosecution witness to testify, allegedly in violation of a pre-trial defense request to identify all witnesses the prosecution planned to call. The government agreed to reveal information that it possessed. Pursuant to that agreement, when the prosecution became aware of Ms. Orme as a possible witness, the government orally related to defense counsel her criminal record and her expected testimony and provided them with a computer printout rap sheet. Thus there was no violation of the pre-trial discovery agreement. Moreover, defense counsel made no objection on the record to Orme's testimony.
 
 V.
 
 14
 For the foregoing reasons, all judgments of conviction are
 
 
 15
 AFFIRMED.
 
 
 
 *
 Appellants also argue that the district court's failure to articulate the probative/prejudice balancing required by Fed.R.Evid. 403 is reversible error. However, this circuit has held that a ruling of admissibility implies that the standards of admissibility have been met. United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir 1988) (citing with approval United States v. Gilmore, 730 F.2d 550, 554 (8th Cir.1984)). Thus, failure of the district court to articulate its reasoning on the record is not reversible error. Id