**UNITED STATES of America**

v.

**Tyrone SMALLWOOD Thomas Edward Smith, Jr.**

**No. CRIM.A. 03–245–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

March 1, 2004.

---

Brian D. Miller, Assistant United States Attorney, United States Attorney's Office, Alexandria, VA, for Plaintiff.

Thomas Abbenante, Washington, DC, Lana Manitta, Marin, Arif, Petrovich & Walsh, Springfield, MO, Ivan Darnell Davis, Office of the Federal Public Defender, Frank Salvato, Alexandria, VA, for Defendants.

## MEMORANDUM OPINION

ELLIS, District Judge.

At issue in this prosecution of two defendants for murder and use of a firearm while engaged in a drug conspiracy in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 924(c) & (j) is whether two firearms recovered from defendants' residence at the time of defendants' arrest on a related drug conspiracy charge are relevant and admissible evidence pursuant to Rules 401, 403, and 404(b), Fed.R.Evid. This Memorandum Opinion sets forth in greater detail the reasons given in support of a bench ruling denying defendants' motion to exclude these firearms.

### I.

Defendants Tyrone Smallwood and Thomas Edward Smith, Jr. were indicted for (i) the murder of Conrad Shelton in Washington, D.C., a murder they allegedly committed while engaged in drug trafficking, in violation of 21 U.S.C. § 848(e)(1)(A), and (ii) the use of a firearm in connection with a drug conspiracy· in violation of 18 U.S.C. § 924(c) and (j). Smith is also charged with conspiring to traffic in drugs in violation of 21 U.S.C. § 846.[1] For a

---

1. Smallwood was not charged with the drug conspiracy offense because he pled guilty to this offense in the United States District Court of the District of Columbia in November 1996. *See United States v. Smallwood,* Criminal No. 96–341–02 (D.D.C. November 14, 1996) (Plea Agreement).

more detailed statement of the facts underlying the alleged drug conspiracy and murder of Shelton, see *United States v. Smallwood et al.,* 293 F.Supp.2d 631 (E.D.Va.2003) (denying defendants' motion to transfer venue, denying defendants' motion to dismiss § 924(c) charge, and deferring ruling on defendants' motion to suppress statements pending further hearing) and *United States v. Smallwood et al.,* 2004 U.S. Dist. LEXIS 23932 (E.D.Va. January 13, 2004) (granting in part and denying in part government's motion in limine to admit statements of decedent on the day of the murder). Only the facts pertinent to the government's motion to suppress the firearms recovered from defendants' residence are recounted here.

According to the superseding indictment,[2] Smallwood and Smith were members of a drug trafficking conspiracy that manufactured and distributed drugs in the District of Columbia, Maryland, Virginia, and elsewhere between 1993 and 1999. The superseding indictment alleges that Smallwood and Smith maintained a residence at 7403 Hendricks Drive in Hyattsville, Maryland at which they stored drugs and drug money. Nor were defendants the only members of this conspiracy. In fact, more than a dozen co-conspirators have been successfully prosecuted in this district for their roles in the drug conspiracy.[3] Moreover, one co-conspirator, Anthony Brown, pled guilty to aiding and abetting the murder of Shelton while engaged in a crack cocaine distribution conspiracy in violation of 18 U.S.C. § 848(e)(1)(A). *See United States v. Brown,* Criminal Action No. 03–612–A (E.D.Va. December 30, 2003) (Plea Agreement).

On November 4, 1996, defendants and two other individuals were arrested during a search by Federal Bureau of Investigation ("FBI") agents of defendants' Hyattsville, Maryland residence. Smith was released after being detained briefly owing to confusion regarding his identity. Smallwood, however, was charged with several drug offenses, including the drug conspiracy Smith is charged with here.

At the time of defendants' arrest, FBI agents seized crack cocaine, money, ballistics vests, and a Toyota Land Cruiser registered under Smith's alias, "Anthony Young," from defendants' Hyattsville, Maryland residence. Notably, FBI agents also seized two firearms: (i) a Norinco Model 54, 7.62 mm Semi-automatic pistol and (ii) an Armi Fratelli Tanfoglio SPA, Model TA 90, 9 mm Parabellum Semi-automatic pistol. Smallwood told FBI agents during the search that one of the firearms belonged to him. Nonetheless, the parties agree, as a ballistics investigation has confirmed, that neither of the seized weapons was used to kill Shelton.[4]

On November 14, 1996, Smallwood entered into a plea agreement with the United States Attorney's Office for the District of Columbia in which he pled guilty to the unlawful distribution of more than fifty (50) grams of crack cocaine within 1000 feet of a school. As part of his plea agreement, Smallwood promised to cooperate with the government in its investigation of the drug conspiracy. In exchange for Smallwood's cooperation, the government agreed that it would "not use against [Smallwood], in any criminal proceeding, any of the information or materials provid-

---

**2.** *See United States v. Smith, Smallwood,* Criminal No. 03–245–A (E.D.Va. August 2003) (Superseding Indictment).

**3.** *See, e.g., United States v. Jerry Booker,* Criminal No. 98–452–A (E.D.Va. January 21, 1999)

(Plea Agreement); *United States v. Walter Fleming,* Criminal No. 98–452–A (E.D.Va. March 5, 1999) (Plea Agreement).

**4.** The government has not recovered the weapons used to kill Shelton.

ed to the United States by [Smallwood]."[5] The plea agreement also made clear that at the time of the plea, the government had no evidence (i) that there was "a nexus between [Smallwood] and the firearms" recovered during the search of defendants' Hyattsville, Maryland residence or (ii) that "the firearms found in [Smallwood's] home were used to facilitate the narcotics trafficking offenses...."[6] Therefore, the government agreed that it would not seek a two-level sentence enhancement under U.S.S.G. § 2D1.1(b)(1) on the grounds that Smallwood possessed the two firearms in relation to the drug conspiracy.[7]

Pursuant to the terms of Smallwood's plea agreement, defendants move to suppress (i) any statements Smallwood made while cooperating and (ii) the firearms. A ruling on defendants' motion to suppress with regard to both the statements and the firearms was deferred pending the filing of a motion by the government to be released from the terms of the plea agreement on the grounds of Smallwood's breach and a statement regarding whether the United States Attorney's Office for the District of Columbia joined the motion. *See United States v. Smallwood, et al.,* Criminal Action No. 03–245–A (E.D.Va. November 24, 2003) (Order); *United States v. Smallwood, et al.,* Criminal Action No. 03–245–A (E.D.Va. December 17, 2003) (Order). Defendants' motion to suppress Smallwood's statements was granted because the United States Attorney's Office for the District of Columbia declined to join the government's motion to be released from the terms of the plea agreement. *See United States v. Smallwood, et al.,* 299 F.Supp.2d 578 (E.D.Va.2004) (Order). Yet, with regard to the firearms, defendants' motion to suppress was denied on the ground that the terms of the agreement related solely to whether the government would rely on the firearms in seeking a two-level sentence enhancement for the conspiracy conviction to which Smallwood pled guilty in 1996 and did not address or limit the government's use of the firearms in any subsequent prosecution of Smallwood. *See United States v. Smallwood, et al.,* 293 F.Supp.2d 631 (E.D.Va.2003). Nonetheless, no determination was made regarding the firearms' relevance at the time the motion to suppress was denied. Thus, prior to trial, defendants moved to suppress the firearms on the grounds that the firearms were (i) irrelevant under Rules 401 and 402, Fed.R.Evid., (ii) inadmissible "other acts" evidence under Rule 404(b), Fed.R.Evid., and (iii) inadmissible on the grounds of undue prejudice under Rule 403, Fed.R.Evid. This motion places in is-

---

**5.** *See United States v. Smallwood,* Criminal Action No. 96–341–02 (D.D.C. November 14, 1996) (Plea Agreement), at ¶ 15.

**6.** *See id.* at ¶ 9(b).

**7.** *See id.* Paragraph 9(b) of the plea agreement provides as follows:

Your client [Smallwood] acknowledges that, on November 4, 1996, two firearms were recovered during the execution of the search warrant at your client's residence located at 7403 Hendricks Drive, Hyattsville, Maryland. Other than your client's statement to law enforcement agents that one of the firearms belonged to him, however, the Government has no evidence to establish a nexus between your client and the firearms recovered from his residence. Therefore, the Government agrees that, pursuant to § 1B1.8(a) of the Sentencing Guidelines, it will not advocate that the firearms found during the execution of the search warrant constitute specific offense characteristics pursuant to § 2D1.1(b)(I) of the Sentencing Guidelines, which otherwise requires that a defendant's offense level be increased by two levels. The government further agrees that it is not aware of any evidence that the firearms found in your client's home were used to facilitate the narcotics trafficking offenses described and acknowledged by your client in the factual proffer.

sue whether the firearms recovered from defendants' Hyattsville, Maryland residence at the time of defendants' arrest are relevant and admissible under Rules 401, 403, and 404(b), Fed.R.Evid.

## II.

 Defendants' argue that the firearms must be excluded under Rules 401 and 402, Fed.R.Evid., because they are irrelevant to the charged offenses, as it is undisputed that they were not used to kill Shelton. The principles governing the inadmissibility of irrelevant evidence are well-settled. Rule 402 provides that "evidence which is not relevant is not admissible" and Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rules 401 & 402, Fed.R.Evid.; *see also United States v. Bonetti*, 277 F.3d 441, 449 (4th Cir.2002) (applying the Rule 401 relevance standard). And, settled precedent makes clear that relevance typically presents "a low barrier to admissibility." *United States v. Leftenant*, 341 F.3d 338, 346 (4th Cir.2003). In fact, to meet the relevance standard, "evidence need only be 'worth consideration by the jury,' or have a 'plus value.'" *Id.*

The firearms seized from defendants' Hyattsville residence are relevant under Rules 401 and 402 on two related, but distinct, grounds. First, the firearms are relevant because (i) defendants' possession of the firearms at the Hyattsville residence is an alleged overt act of the drug conspiracy[8] and (ii) the firearms have a "tendency to make the existence of" defendants' firearms possession during the course of the drug conspiracy "more or less probable than it would be without the [firearms] evidence." Rule 401, Fed.R.Evid. Moreover, the firearms, offered to show that defendants possessed firearms as an overt act in furtherance of the conspiracy, are relevant not only to Count I, the drug conspiracy offense,[9] but also to Counts II and III, as the drug conspiracy is an element of both of these offenses.[10] *See United States v. Lipford*, 203 F.3d 259, 265 (4th Cir.2000) (finding that evidence of overt acts in furtherance of the conspiracy were "admissible to prove the existence and scope of the drug conspiracy"). Second, the possession of a firearm during

---

**8.** The grand jury found that defendants had committed at least twenty one overt acts in furtherance of the conspiracy, including the following:

> On or about November 4, 1996, Thomas E. Smith, Jr. and Tyrone Smallwood possessed crack cocaine, money, guns, and ballistic vests at a residence in Hyattsville, Maryland.

*United States v. Smallwood, Smith*, 293 F.Supp.2d 631 (E.D.Va.2003) (Superseding Indictment).

**9.** 21 U.S.C. § 846.

**10.** Thus, Count II, which alleges a violation of 21 U.S.C. § 848(e)(1)(A), requires that the government prove that defendants (i) intentionally kill[ed] or counsel[ed], command[ed], induce[d], procure[d], or cause[d] the intentional killing of an individual and such killing result[ed] (ii) while defendants were "engaging in or working in furtherance of a continuing criminal enterprise," in this case, the alleged drug conspiracy. *See* 21 U.S.C. § 848(e)(1)(A); *see also United States v. Tipton*, 90 F.3d 861, 898 (4th Cir.1996) (discussing the elements of § 848(e)(1)(A)).

And, Count III, which alleges a violation of 18 U.S.C. § 924(c)(1), requires that the government prove (i) that the defendant used, carried, or possessed, in furtherance of the alleged crime, a firearm (ii) during and in relation to (iii) the alleged drug trafficking conspiracy. *See* 18 U.S.C. § 924(c); *see also United States v. Lomax*, 293 F.3d 701, 705 (4th Cir.2002) (stating that "§ 924(c) requires the government to present evidence indicating that the possession of a firearm furthered, advanced, or helped forward a drug trafficking crime").

and in relation to the drug trafficking conspiracy is an element of Count III, a violation of § 924(c).[11] Thus, the firearms are relevant to Count III on this second, independent basis.

■ Defendants next argue that even assuming, *arguendo*, that the firearms are relevant under Rules 401 and 402, they are nonetheless inadmissible "other acts" evidence pursuant to Rule 404(b), Fed. R.Evid. Rule 404(b) prohibits the admissibility of evidence of acts committed by a person, other than the charged act, when offered to show that the person has the propensity or character to commit the same act on another occasion. *See* 404(b), Fed.R.Evid. ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."); *see also United States v. Ebert*, 178 F.3d 1287, 1999 WL 261590, at *23 (4th Cir.1999); *United States v. Young*, 65 F.Supp.2d 370, 372 (E.D.Va.1999).[12] Importantly, the Rule

limits only the admission of evidence of other acts extrinsic to the one charged. *See Lipford*, 203 F.3d at 268 (citing *United States v. Chin*, 83 F.3d 83, 87 (4th Cir. 1996)). Evidence that is intrinsic to the charged offense, either because it is (i) "inextricably intertwined" with the charged crime [13] or (ii) "direct proof of the crime charged," is ordinarily admissible.[14] In a conspiracy case, such as this one, the overt acts of the conspiracy charged in the indictment are common examples of the second type of intrinsic evidence. *See Ebert*, 178 F.3d 1287, 1999 WL 261590 at *35 n. 12.[15]

Defendants argue that the firearms are inadmissible because the government seeks to introduce them solely to show that defendants have a propensity to possess dangerous firearms and thus are more likely to have possessed and used firearms to kill Shelton on February 11, 1996. Yet, the firearms are admissible under Rule 404(b) because they fall

---

**11.** *See* 18 U.S.C. § 924(c); *see also United States v. Lomax*, 293 F.3d 701 at 705.

**12.** This Memorandum Opinion cites to unpublished decisions only when no published decision provides adequate guidance and language.

**13.** Other acts evidence is "inextricably intertwined" and thus intrinsic if " 'both [the crime charged and the other acts] are part of a single criminal episode' or when 'the other acts were necessary preliminaries to the crime charged.' " *Ebert*, 178 F.3d 1287, 1999 WL 261590 at *24 (citing *Chin*, 83 F.3d at 88); *United States v. Myers*, 896 F.2d 1368, 1990 WL 15589, at *2 (4th Cir.1990) ("Although Rule 404(b) prohibits introduction of 'other crimes, wrongs or acts' to show the character of the defendant, it allows such evidence 'for other purposes' such as to prove motive, intent, preparation, plan, or absence of mistake.").

**14.** *See Gadson*, 2003 U.S.App. LEXIS 14545, at *6 ("When testimony is admitted as to acts intrinsic to the charged offense, and not ad-

mitted only to demonstrate bad character, it is ordinarily admissible."); *Ebert*, 178 F.3d 1287, 1999 WL 261590 at *26; *Chin*, 83 F.3d at 87–88 (holding that evidence of a murder-for-hire was admissible because it was an intrinsic part of a drug deal).

**15.** Also worth noting here is that Rule 404(b) permits the introduction of other acts evidence unrelated to a defendant's character, including "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Rule 404(b), Fed.R.Evid.; *see also Westfield Insur. Co. v. Harris*, 134 F.3d 608, 614 (4th Cir. 1998) ("The Rule includes a non-exhaustive list of those purposes for which prior-acts evidence may be admitted: 'motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.' ") (citing Rule 404(b), Fed.R.Evid.); *Young*, 65 F.Supp.2d at 372–73 (permitting the introduction of extrinsic evidence of a second car fire "not for the purpose of showing bad character or propensity, but for the permissible purpose of showing defendant's plan or intent concerning Fire No. 1").

squarely within the definition of the second type of intrinsic evidence, namely "direct proof of the crime charged." *Ebert,* 178 F.3d 1287, 1999 WL 261590 at *26; *Chin,* 83 F.3d at 87–88. More specifically, defendants' possession of the firearms at their Hyattsville, Maryland residence, which was used as a stash house for large quantities of drugs and drug money, was an overt act of the drug conspiracy. Thus, the firearms are "direct proof" and "part and parcel" of the drug conspiracy, an element of each of the three charged counts. *See id.*

■ Defendants next contend that even assuming, *arguendo,* the firearms are relevant and admissible under Rules 401, 402, and 404(b), Fed.R.Evid., they must be excluded under Rule 403, Fed.R.Evid., because the introduction of the firearms will incite the jury's emotions and create unfair prejudice. Rule 403 provides that relevant evidence may be excluded if its "probative value is substantially outweighed by the danger of unfair prejudice." Rule 403, Fed.R.Evid.[16] The advisory committee's note and controlling authority interpreting the Rule define unfair prejudice as "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."[17] Moreover, evidence must be excluded under Rule 403 if there is a genuine risk, " 'disproportionate to the probative value of the offered evidence,' " " 'that the emotions of a jury will be excited to irrational behavior.' " *United States v. Wells,* 163 F.3d 889, 896 (4th Cir.1998) (citing *United States v. Bailey,* 990 F.2d 119, 123 (4th Cir.1993)).

There is no doubt here that the firearms pass muster under Rule 403 because their strong probative value is not "substantially outweighed by the possibility of unfair prejudice." Rule 403, Fed.R.Evid. Furthermore, there is no substantial risk that the introduction of the firearms will, as defendant contends, incite the emotions of the jury to irrational behavior. *See Wells,* 163 F.3d at 896. Thus, the firearms need not be excluded pursuant to Rule 403.

In sum, the firearms recovered from defendants' Hyattsville, Maryland residence during the FBI search that resulted in defendants' arrest are relevant under Rules 401 and 402, Fed.R.Evid. Moreover, the firearms need not be excluded either on the grounds that they are (i) "other acts" evidence used to show that defendants have a propensity to carry and use dangerous firearms pursuant to Rule 404(b), Fed.R.Evid., or (ii) unduly prejudicial pursuant to Rule 403, Fed.R.Evid. Accordingly, they are admissible.

An appropriate order has issued. *See United States v. Smallwood, et al.,* Criminal Action No. 03–245–A (E.D.Va. February 4, 2004) (Order).

---

**16.** Rule 403, Fed.R.Evid., also provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by ... confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

**17.** *See* Rule 403, Fed.R.Evid. advisory committee's note; *United States v. Blackwood,* 913 F.2d 139, 144 (4th Cir.1990) (defining "unfair prejudice" based on the advisory committee's note to Rule 403); *see also United States v. Lentz,* 58 Fed.Appx. 961, 965 (4th Cir.2003) (same).