**ON REHEARING**

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 03-4828**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RONALD LEE LUSK,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph Robert Goodwin, District Judge. (CR-03-105)

———————————

Submitted: April 28, 2004     Decided:  July 28, 2005

———————————

Before NIEMEYER, MICHAEL, and SHEDD, Circuit Judges.

———————————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————————

David O. Schles, STOWERS & ASSOCIATES, Charleston, West Virginia, for Appellant.  Charles T. Miller, Acting United States Attorney, Stephanie L. Haines, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ronald Lee Lusk appeals his conviction after a jury trial and 108-month sentence for one count of distribution of oxycodone (OxyContin), in violation of 21 U.S.C. § 841(a)(1) (2000). We previously affirmed Lusk's conviction and sentence. However, Lusk petitioned for rehearing, and we granted that petition based on the Supreme Court's intervening decision in United States v. Booker, 125 S. Ct. 738 (2005). On rehearing, we again affirm Lusk's conviction. Finding that the district court's imposition of sentence violated Lusk's Sixth Amendment right to trial by a jury, however, we vacate the sentence and remand for further proceedings.

An informant told Trooper Andy Perdue that Lusk was selling OxyContin pills and volunteered to perform a controlled purchase while wearing a recording device.[1] Perdue recorded the serial numbers of the bills used in the drug sale. The informant returned to the police after having bought several pills, and told Perdue that he and Lusk would be leaving the area soon in the informant's car. The informant said that Lusk would be carrying a plastic container holding a large quantity of pills. Shortly thereafter, Lusk and the informant left in the informant's car, and the police observed Lusk carrying a plastic container. The informant was driving the car, and Lusk was in the passenger seat.

---

[1] We state the facts in the light most favorable to the Government, the prevailing party below. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

- 2 -

When the driver failed to signal a turn, police pulled the car over. The informant consented to a search of the vehicle. While frisking Lusk, Perdue felt a lump in Lusk's pocket. Perdue asked if Lusk would empty his pockets, and Lusk agreed. The lump was a roll of money, which included the recorded bills from the controlled purchase. The search of the car revealed a plastic container under the passenger seat containing numerous pills.

Perdue asked Lusk to accompany him to the police station, but told Lusk that he was free to refuse. Lusk agreed to go with Perdue. At the station, Lusk signed a waiver of his rights and agreed to talk to Perdue. He detailed his drug distribution operation and admitted to selling drugs earlier that day. He expressed a desire to cooperate with police in their investigations. After giving the statement, Lusk left the station. Despite the understanding that Lusk would become a cooperating witness, the police did not hear from him again.

Several months later, police received a tip that Lusk was at a hotel room rented by his girlfriend. After obtaining an arrest warrant based on the earlier drug transaction, police went to the hotel to arrest Lusk. While one officer was dealing with Lusk, another officer frisked the other five occupants of the room. During the course of these pat-downs, to make sure that none of the occupants would be able to grab a concealed weapon and place the officers in danger, the officer opened a drawer on an end table

within reach of all the occupants. Inside the drawer was a plastic bag filled with pills. While the police were processing Lusk for distribution of drugs, Lusk spontaneously stated that the drugs were for his personal use, and presented his arms to the officers so they could see the needle marks on them.

Prior to trial, Lusk moved to suppress the pills and money found during the traffic stop on the grounds that the search and seizure violated his Fourth Amendment rights. He also moved to suppress his statement to police after that incident, arguing that it was tainted by the earlier seizure. Lusk also moved to exclude the pills seized from the hotel room during his arrest on the grounds that admission of the pills as evidence would violate Fed. R. Evid. 404(b) and Fed. R. Evid. 403, and they were found in an illegal search. The district court denied all the motions. After a two-day trial, the jury convicted Lusk of the sole count of the indictment, distribution of oxycodone. The court sentenced Lusk to 108 months' imprisonment.

On appeal, Lusk argues that the district court erred in denying his motions to suppress or exclude evidence. In considering the district court's denial of a motion to suppress, this court reviews legal conclusions de novo, while reviewing factual findings for clear error. Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). Decisions regarding the admission or exclusion of

evidence are committed to the sound discretion of the district court and will not be reversed absent an abuse of discretion. United States v. Lancaster, 96 F.3d 734, 744 (4th Cir. 1996).

Turning first to the traffic stop, we find the police had sufficient reasonable suspicion to stop the car. Officers may stop a vehicle and briefly detain its occupants if they have a reasonable suspicion of illegal activity. United States v. Singh, 363 F.3d at 347, 354 (4th Cir. 2004). Based on the corroborated information from the informant, along with their own observations, the police had a reasonable belief that there were illegal drugs in the car. Under the totality of the circumstances, this belief was objectively reasonable. Id. (citing Illinois v. Gates, 462 U.S. 213, 230-32 (1983)). This justified the initial stop of the car. Lusk has no standing to contest the search of the informant's car, which produced the pills. Rusher, 966 F.2d at 874-75. Lusk voluntarily emptied his pockets, revealing the recorded bills. Accordingly, none of this evidence was acquired in violation of Lusk's Fourth Amendment rights. Therefore, his subsequent voluntary statement was not the product of an illegal search and seizure. Lusk makes no argument that the evidence should have been suppressed on any other grounds. We conclude the district court did not err in denying Lusk's motion to suppress the seized evidence or his statement at the police station.

As for the evidence from the hotel room, we likewise conclude the district court did not err in admitting this evidence. The officer was reasonably concerned for his safety, justifying a protective sweep of the area for hidden dangers. Maryland v. Buie, 494 U.S. 325, 334 (1990); Terry v. Ohio, 392 U.S. 1 (1968). The trooper was further justified in opening the end table drawer within reach of the room's occupants. See United States v. Hernandez, 941 F.2d 133, 137 (2d Cir. 1991) (construing Buie, Terry, and Michigan v. Long, 463 U.S. 1032 (1983) together to sanction a limited protective search for weapons within the "grab area" of individuals, other than the arrestee, whom the police reasonably believe pose a danger to those on the arrest scene). Even if Lusk has standing to contest a search in a motel room not rented to him, we find that the search was not improper.

Furthermore, admission of the pills as evidence did not violate Fed. R. Evid. 404(b) or Fed. R. Evid. 403. Lusk argues that the pills were admitted only for the purpose of proving his bad character in order to show he acted in conformity with that character, and that their admission was unfairly prejudicial. Rule 404(b), however, is a rule of inclusion, and evidence of prior bad acts is admissible for any purpose other than to show only criminal disposition. United States v. Masters, 622 F.2d 83, 85 (4th Cir. 1980). The danger of unfair prejudice is usually mitigated by

cautionary instructions. <u>United States v. Rawle</u>, 845 F.2d 1244, 1248 (4th Cir. 1988).

Here, the evidence was admissible for several legitimate purposes, including motive and intent to sell drugs, Lusk's knowledge of how to sell drugs, and to prove that Lusk's prior possession was not a mistake or an accident. Additionally, the district court gave a proper cautionary instruction when the evidence was admitted. Likewise, Lusk cannot show unfair prejudice under Rule 403. That rule requires exclusion of evidence only in those instances where the trial judge believes "that there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence." <u>United States v. Van Metre</u>, 150 F.3d 339, 351 (4th Cir. 1998). There is nothing to indicate such danger was present here. Moreover, any possible error was harmless given the substantial evidence against Lusk regarding the charged crime. Fed. R. Crim. P. 52(a); <u>United States v. Ince</u>, 21 F.3d 576, 583 (4th Cir. 1994). We conclude that the district court did not err in admitting this evidence.

Finally, in his petition for rehearing, Lusk claims the district court's imposition of sentence violated his Sixth Amendment right to trial by a jury. On the record before us, it appears that the district court enhanced Lusk's sentence on the basis of: (1) judicially determined drug quantity that was not

submitted to a jury; and (2) a judicial determination that Lusk obstructed justice by using a fictitious name and otherwise impeded the Government's investigation. Lusk's indictment referenced an unspecified quantity of oxycodone. Without the enhancements, Lusk's sentencing range would have been one to seven months. See U.S. Sentencing Guidelines Manual § 2D1.1(c)(17) (2003) (providing for base offense level of six for unspecified quantity of Schedule II substance). Lusk's 108 month sentence was well outside of this range. Because we conclude that the district court's application of the sentencing guidelines enhanced Lusk's sentence on the basis of facts not found by the jury beyond a reasonable doubt, Lusk's sentence violated the Sixth Amendment.[2] See United States v. Booker, 125 S. Ct. 738 (2005); United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). Accordingly, although we affirm Lusk's conviction, we vacate his sentence and remand for further proceedings.

Although the sentencing guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the

---

[2]Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Lusk's sentencing. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

Guidelines, making all factual findings appropriate for that determination. See Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. Id. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. 3553(c)(2) (2000). Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 546-47.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,<br>VACATED IN PART, AND REMANDED