**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4058**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

IAN MCDONALD,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  William D. Quarles, Jr., District Judge. (1:05-cr-00146-WDQ)

Submitted:  December 11, 2006        Decided:  January 4, 2007

Before MICHAEL, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Howard L. Cardin, CARDIN & GITOMER, P.A., Baltimore, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Andrew G. W. Norman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following trial, a jury found Ian McDonald guilty of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) ("Count One"); possession with intent to distribute cocaine base in violation of 21 U.S.C. 841(a)(1) ("Count Two"); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) and aiding and abetting in violation of 18 U.S.C. § 2 ("Count Three"). On appeal, McDonald argues that the district court erred in denying his motion to suppress cocaine and a firearm seized from his person and his vehicle. McDonald also appeals the district court's admission of testimony at trial that on prior occasions he had been convicted of possession with intent to distribute narcotics and arrested for the unlawful possession of a firearm. For the reasons that follow, we affirm.

I.

At a hearing on the suppression motion, Officer Richard Watts of the Baltimore Police Department testified that during the early morning hours of October 21, 2005, he responded to a call reporting an armed robbery. Arriving at the scene less than five minutes later, Officer Watts interviewed the victim, George Treas. Mr. Treas stated that a black male had stepped out of a white vehicle, pointed a handgun at him, and demanded property. Mr. Treas

2

believed the vehicle to be a Mazda, and recalled a partial tag number of MJK. Officer Watts broadcast the information via radio dispatcher, and returned to the streets to look for the vehicle. Shortly thereafter he spotted a white Mazda in a gas station parking lot less than three blocks away bearing a license plate number MTK340. A black male was standing outside the vehicle; he then got into the driver's seat. Officer Watts alerted other Baltimore police officers, who converged on the vehicle. One of the officers, Mark Bergeron, testified to observing a handgun on the front passenger seat. McDonald was arrested and searched, and the police recovered approximately 4.9 grams of cocaine and $687.00 from his person. The handgun was found to be loaded with several rounds of live ammunition. McDonald moved to suppress this evidence.

The district court denied the motion. The court found that the officers were entitled to stop McDonald under Terry v. Ohio, 392 U.S. 1 (1968). The court went on to note that "[t]he officers were where they had a right to be--that is, conducting an investigative stop. While being where they had a right to be, they saw, in plain view, at least through the eyes of Officer Bergeron, a weapon that gave probable cause to believe that there had been a violation of the weapons laws. The arrest and search incident to that arrest were also lawful." J.A. 105.

Prior to trial, pursuant to Federal Rule of Evidence 404(b), the government notified McDonald of its intent to introduce evidence that on two prior occasions he had unlawfully possessed narcotics with intent to distribute, and on one occasion had unlawfully possessed a firearm.  McDonald filed a motion in limine objecting to the introduction of such evidence.  The district court denied this motion as well, ruling that the probative value of the evidence outweighed its potential for prejudice.

## II.

On appeal, McDonald challenges the denial of the motion to suppress and the denial of his motion in limine with respect to the proffered evidence.  We consider each issue in turn.

## A.

McDonald argues that the police did not have a reasonable basis to stop him on these facts.  In evaluating the denial of a motion to suppress, we review legal conclusions de novo and factual findings for clear error.  We view the evidence in the light most favorable to the prevailing party below--here, the government. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

The Fourth Amendment requires that a brief, investigatory stop of an individual be supported by "a reasonable, articulable suspicion that criminal activity is afoot."  Illinois v. Wardlow,

528 U.S. 119, 123 (2000) (citing Terry, 392 U.S. at 30). The reasonable suspicion standard is "a less demanding standard than probable cause and requires a showing considerably less than a preponderance of the evidence." Wardlow, 528 U.S. at 123.

In deciding whether an officer had the requisite reasonable suspicion to conduct an investigatory stop, courts apply an objective test rather than examining the subjective beliefs of the investigating officer. Id. The "[r]easonable suspicion standard is a commonsensical proposition. Courts are not remiss in crediting the practical experience of officers who observe on a daily basis what transpires on the street." United States v. Lender, 985 F.2d 151, 154 (4th Cir. 1993). The Supreme Court has recognized that individual factors consistent with innocent travel can, when taken together, give rise to reasonable suspicion. United States v. Sokolow, 490 U.S. 1, 9-10 (1989).

We conclude that a policeman in Officer Watts's position would have had an objectively reasonable suspicion that the car McDonald was driving was connected with the recent robbery--i.e., that criminal activity was afoot. Officer Watts was looking for a black male in a white Mazda and had a partial description of the license plate. He encountered McDonald only several minutes later and less than three blocks away standing next to a white Mazda bearing a license plate with some of the same letters. Although there were discrepancies between the description given by Mr. Treas and Mr.

5

McDonald's actual appearance, Officer Watts testified that victims who have undergone life-threatening experiences may confuse details about their assailants. We conclude that the factors on which the officers relied, taken together, give rise to reasonable suspicion sufficient to justify the stop under Terry.

B.

We now consider McDonald's claims regarding the admissibility of the evidence of his prior arrest and convictions. Federal Rule of Evidence 404(b) provides for the introduction of "[e]vidence of other crimes, wrongs or acts" to prove matters other than propensity, such as "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). We have consistently interpreted the rule as one of inclusion, not exclusion, noting that it "admits all evidence of other crimes (or acts) relevant to an issue in a trial except that which tends to prove only criminal disposition." United States v. Masters, 622 F.2d 83, 85 (4th Cir. 1980)(quotations omitted). Evidence of other bad acts may be introduced if such evidence is "(1) relevant to some issue other than character, (2) necessary, and (3) reliable." United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988); see also United States v. Hadaway, 681 F.2d 214, 217 (4th Cir. 1982). Evidence is necessary, even if it does not relate to an element of a charged

6

offense, "when it furnishes part of the context of the crime." United States v. Wells, 163 F.3d 889, 896 (4th Cir. 1998) (citation omitted). Of course, evidence which is offered for a proper purpose under Rule 404(b) may still be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; see also Masters, 622 F.2d at 87.

There was no violation of Rule 404(b) here. McDonald argues that because he took the stand and acknowledged possessing cocaine with intent to distribute, evidence of his prior convictions for drug offenses and arrest for unlawful possession of a gun was unecessary and prejudicial. This argument fails for two reasons. First, the government plausibly contends that it had no way to know, prior to trial, that McDonald, who consistently maintained his innocence, intended to make such a concession. Evidence that McDonald possessed and distributed drugs in the past was clearly relevant to the issue of his intent to do so here.

Moreover, McDonald's belated concession conveniently overlooks the presence of the gun recovered from his car. Count One, the felon in possession charge under § 922(g)(1), and Count Three, the possession of a firearm in furtherance of a drug trafficking crime under § 924(c), both turn on the knowing possession of a firearm.

7

We conclude that evidence that McDonald had previously been arrested for the possession of a firearm was relevant to his knowledge and intent to possess the handgun recovered here.

## III.

For the foregoing reasons, we affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>