**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4867**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

ISHOC UTHMAN IBN-ABDU SALAAM,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   Henry E. Hudson, District Judge.  (3:07-cr-00078-HEH)

———————

Submitted:  March 17, 2008          Decided:  April 14, 2008

———————

Before MICHAEL and MOTZ, Circuit Judges, and WILKINS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Robert P. Geary, Richmond, Virginia, for Appellant.   Chuck Rosenberg, United States Attorney, John S. Davis, Assistant United States Attorney, Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On March 6, 2007, Ishoc Uthman Ibn-Abdu Salaam was charged with one count of attempting to traffic in clothing and footwear bearing counterfeit trademarks, in violation of 18 U.S.C.A. § 2320 (West 2000 and Supp. 2007). Following a one day jury trial, Salaam was convicted of the sole count in the indictment and sentenced to 18 months' imprisonment.

Salaam timely noted his appeal and now argues that the district court erred in admitting evidence of counterfeit CDs and DVDs seized from his property. According to Salaam, the district court erred in admitting this evidence because the counterfeit clothing was not factually related or intertwined with the CDs and DVDs and because admission of the CDs and DVDs was unduly prejudicial as their number far exceeded the number of indicted articles of clothing. Finding no error, we affirm.

Decisions regarding the admission or exclusion of evidence are left to the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. United States v. Russell, 971 F.2d 1098, 1104 (4th Cir. 1992). Federal Rule of Evidence 404(b) provides that evidence of other bad acts is inadmissible to prove a defendant's character to show conduct in conformity therewith, but is admissible to show "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b).

This court has broadly construed the exceptions to the inadmissibility of other bad acts.  United States v. Powers, 59 F.3d 1460, 1464 (4th Cir. 1995).  Rule 404(b) is "an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove only criminal disposition."  Powers, 59 F.3d at 1464 (quoting Russell, 971 F.2d at 1106).  We have found evidence of other bad acts to be admissible if it meets the following criteria:

> (1) The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant . . . (2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense. (3) The evidence must be reliable. And (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process.

United States v. Queen, 132 F.3d 991, 997 (4th Cir. 1997).

Turning to the first prong under Queen, evidence of Salaam's DVD and CD pirating is relevant if it is "sufficiently related to the charged offense."  Powers, 59 F.3d at 1465 (quoting United States v. Rawle, 845 F.2d 1244, 1247 n.3 (1988)).  The more similar the other bad act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes.  Queen, 132 F.3d at 996.  Here, the other bad acts evidence Salaam sought to exclude was relevant to the charged conduct as both involved trafficking in counterfeit goods whose sales infringed on the intellectual property rights of the

manufacturers.    Accordingly,  the  other  bad  acts  evidence  was relevant to the offense conduct.

Admission of the DVD and CD evidence also meets the second prong of Queen.  Title 18, section 2320 of the United States Code criminalizes the intentional trafficking of goods and the knowing use of a counterfeit mark in connection with such goods. 18 U.S.C. § 2320(a).  The Government's evidence of Salaam's intent was circumstantial, and Salaam's most plausible defense was to attack the mens rea requirement in § 2320.  The large number of counterfeit DVDs and CDs makes it less likely that Salaam was unaware that the clothing was counterfeit, and thus, the DVD and CD evidence was highly probative of his intent.

Also, admission of the other bad acts evidence meets the third and fourth prongs of Queen.  The record establishes that the other act evidence was reliable, and there is no indication that admission of the other bad acts evidence resulted in unfair prejudice to Salaam.  See United States v. Masters, 622 F.2d 83, 87 (4th Cir. 1980).  Simply because the number of counterfeit CDs and DVDs far exceeded the number of counterfeit articles of clothing does not indicate that there was "a genuine risk that the emotions of the jury [were] excited to irrational behavior."  Masters, 622 F.2d at 87.

Finally, the district court gave a proper limiting instruction to the jury.  Thus, any danger of unfair prejudice to

Salaam was minimized. <u>See</u> <u>Queen</u>, 132 F.3d at 997. Accordingly, we affirm the judgment of the district court. We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>